Frank Humpert v. Alexander McGavock.

Filed December 6, 1899. No. 9,043.

1. **Rulings on Evidence: New Trial: Review.** Rulings of the trial court in the admission or rejection of testimony are not reviewable in the appellate court, where the attention of the trial court was not challenged thereto in the motion for a new trial.

2. **Instructions: Exceptions: Review.** Instructions to which no exceptions were taken at the time they were given to the jury are not reviewable in this court.

3. **Sufficiency of Evidence: Assignments of Error.** This court will not review the evidence to ascertain whether it is sufficient to support the verdict, when the question is not raised by the assignments contained in the petition in error.

4. **Assignments of Error: Review.** Assignments of error not argued at the bar, or in the briefs filed, are waived.

Error from the district court of Douglas county. Tried below before Scott, J. *Affirmed.*

*John T. Cathers,* for plaintiff in error.

*Guy R. C. Read* and *Francis A. Brogan, contra.*

Norval, J.

One Oliver Davis was awarded the contract for the grading of certain streets in the city of South Omaha, and he entered into a written contract for the performance of the work in the manner and time agreed upon between the city authorities and himself. The contract purports to have been signed by Leopold Dall and Alexander McGavock as parties of the third part. The contract contained the following stipulations: "Said parties of the third part hereby guaranty that the said party of the second part will well and truly perform the covenants hereinbefore contained, to pay all laborers employed on said work, and, if said laborers are not paid in full by said party of the second part (Davis), that the said parties of the third part hereby agree to pay for said labor, or

any part thereof, which shall not be paid by said second party within ten days after the money becomes due and payable; and this provision shall entitle any and all laborers, performing labor on the improvements to be done under the contract, to sue and recover from said third parties, or either of them, the amount due or unpaid to them, or either of them, by said second party. But said third party shall not be liable on this guaranty, on account of said labor, beyond $15,000, the estimate cost of labor on said work." Davis did the grading in question, employing numerous men in the performance of the work. He paid the laborers for a portion of the time they were in his employment, and issued to them checks for the remainder, which were sold by the men, but were not redeemed or paid by Davis. Some of these time checks were purchased by Frank Humpert, who brought an action on the contract against Dall and McGavock to secure the amount due and unpaid the laborers whose time checks had been transferred and assigned to him. The answer put in issue the material averments of the petition, and several other defenses were also pleaded, which were controverted by the reply. A verdict for the defendants was returned under the direction of the court, upon which judgment was subsequently entered. Plaintiff, being dissatisfied with the outcome of the trial, has brought the record of the cause to this court for review.

The plaintiff offered as evidence exhibits 2 to 145, which, on motion of defendants, were excluded by the court below, and the ruling is now assailed. Whether those exhibits were or were not erroneously excluded from the consideration of the jury can not now be adjudicated, for the reason no complaint of the ruling or decision was made in the motion for a new trial. Such motion not only does not contain the usual assignments of "errors of law occurring at the trial," but in no way challenged the attention of the court below to its rulings upon the admission or rejection of testimony; hence such rulings are not reviewable. See *Johnson v. Ghost,* 11

Nebr., 414; *Cruts v. Wray*, 19 Nebr., 581; *Yates v. Kinney*, 25 Nebr., 120; *Dillon v. State*, 39 Nebr., 92; *Becker v. Simonds*, 33 Nebr., 680.

Complaint is made of the giving of the instruction to return a verdict for defendant. No exception was taken by the plaintiff in the district court to the giving of the instruction; therefore we are precluded from its consideration. This is a well settled doctrine, and the following authorities support it: *Scofield v. Brown*, 7 Nebr., 221; *Brooks v. Dutcher*, 22 Nebr., 644; *Johnson v. Swayze*, 35 Nebr., 117; *Darner v. Daggett*, 35 Nebr., 696; *Bouvier v. Stricklett*, 40 Nebr., 792; *Levi v. Fred*, 38 Nebr., 564; *Glaze v. Parcel*, 40 Nebr., 732. The sufficiency of the evidence to sustain the verdict is one of the assignments contained in the motion for a new trial. But we are precluded from the consideration of such question, because the same is not raised in the petition in error. See *Wiseman v. Ziegler*, 41 Nebr., 886.

There are other alleged errors assigned in the petition in error, but their consideration is waived by the failure to argue them in the briefs filed, or at the bar. See *Peaks v. Lord*, 42 Nebr., 15; *Bishop v. Middleton*, 43 Nebr., 10; *Madsen v. State*, 44 Nebr., 631; *Erck v. Omaha Nat. Bank*, 43 Nebr., 613. The judgment is

AFFIRMED.