Edney v. Baum.

---

GERTRUDE T. EDNEY ET AL., EXECUTORS OF THE LAST WILL OF JAMES A. EDNEY, DECEASED, v. JAMES E. BAUM ET AL.

FILED OCTOBER 21, 1903.    No. 13,164.

1. **Pleading and Practice:** DEMURRER. It is not error for the district court to permit answers to be withdrawn and a general demurrer to be filed, if the petition fails to state a cause of action, even if the case has been four times under consideration in this court, if no objection has been made to its sufficiency.

2. ——: WAIVER. By pleading to the merits, without raising them, a party waives all defects by way of misjoinder or defect of parties, but not the lack of jurisdiction in the court, nor that the petition does not state a cause of action. Code, section 96.

3. **Second Appeal.** Matters expressly, or by distinct and necessary implication, adjudicated at a former hearing, will not be considered again in the same case.

4. **Jurisdiction.** The designation of cases in which the supreme court has original jurisdiction is a prohibition of it in other cases. *Bell v. Templin*, 26 Neb. 249.

5. ——: CONSENT. Consent of the parties can not confer jurisdiction of the subject matter. *Armstrong v. Mayer*, 60 Neb. 423.

6. **Executors: TRANSFER OF ASSETS.** The fact that a stock of hardware belonging to an estate is alleged to have been traded by the plaintiffs, as executors, for real estate, does not prevent the vendees getting title to the hardware stock delivered to them by the executors.

7. **Fraud of Vendee: DAMAGES.** The vendees of the hardware, having got title to the goods, are liable to an action for damages by reason of fraud used in getting the goods, if the executors elect to affirm the contract and sue for such damages.

ERROR to the district court for Lancaster county: EDWARD P. HOLMES, JUDGE. *Reversed.*

*George A. Adams, Walter J. Lamb* and *R. Cunningham,* for plaintiffs in error.

*L. C. Burr* and *Charles L. Burr, contra.*

HASTINGS, C.

This case, on its fifth appearance here, is brought to correct alleged errors in the sustaining of demurrers to plaintiffs' petition. Two verdicts have been rendered in the progress of the case; one for $500, which was set aside in this court at plaintiffs' instance for misconduct of the jury (44 Neb. 294); and one for $3,000, which was set aside in the district court, and the action dismissed for the reason that the plaintiffs had been discharged as executors, before the trial, and had no authority to prosecute the action. The district judge seems also to have been of the opinion that no cause of action in favor of the estate appears from the petition. Error proceedings from this dismissal were themselves dismissed in this court because no new executor or administrator had been appointed, and there was no one authorized to carry them on (53 Neb. 116). The plaintiffs, or at least Mrs. Edney, seem to have applied to the county court of Douglas county to set aside their dismissal as executors, and to have been refused. From this refusal an appeal to the Douglas county district court was taken, where their discharge was set aside, and they were reinstated as executors of the will of James Edney. From this

order the defendants, who had been permitted to intervene to resist such action, appealed to this court. Here, their appeal was dismissed because it was held that they had no interest which entitled them to say who should be executor of the will or whether there should be one (59 Neb. 147). A petition was then filed to reinstate this action in the Lancaster county district court, which was denied. Plaintiffs once more applied to this court, and procured a reversal of such action, and an order that the district court "proceed with the hearing as if no trial had ever been had" (2 Neb. (Unof.) 173).

In the district court defendants obtained leave to withdraw their answers and interposed separate demurrers. These last were all alike, and on the grounds: (1) That plaintiffs have no legal capacity to sue. (2) Defect of parties plaintiff. (3) Improper joinder of actions. (4) Not facts sufficient to constitute a cause of action. (5) No jurisdiction, because such jurisdiction was in the county court of Douglas county. The district court entered an order reciting, that the action is for damages to the estate of James Edney by misrepresentations of the value of real estate traded to Mrs. Edney, acting as executrix, for a stock of hardware belonging to the estate; that she had no authority to make such a trade, and the contract was void, and the executors could not enforce it; that their remedy was to rescind it; and, in order to do so, they must return the $14,000 in cash, which defendants paid, and deed back the lots, and this was not alleged to have been done. For these reasons, the demurrer was ordered sustained. Judgment of dismissal was subsequently entered; and, to reverse that judgment, plaintiffs come here the fifth time.

It is first urged that it was error on the part of the trial court to permit the withdrawal of the answers and the filing of the demurrers; that, the supreme court having passed upon the case as it stood, there could be no change of issues, especially as the mandate was to "proceed with its hearing" as if there had been no trial. It is also urged

that each ruling entered in the case has impliedly asserted that plaintiffs were alleging a cause of action.

This ground hardly seems well taken. It is true that, in each order heretofore made in the case, the sufficiency of the petition was assumed. It is also true that such sufficiency was not attacked. It is safe to say that it was not specifically considered. This court has repeatedly held that a petition may be assailed at any stage of the cause. *Renfrew v. Willis,* 33 Neb. 98; *Hudelson v. First Nat. Bank of Tobias,* 51 Neb. 557; *Kemper v. Renshaw & Co.,* 58 Neb. 513; *State v. Moores,* 58 Neb. 285.

Of course, if the question has once been adjudicated in terms, or by distinct implication, it is closed so far as that case is concerned. We do not think, however, that the assumption that an unassailed petition is good amounts to such an adjudication, and no case so holding is cited. Neither does it seem that the fact of the case being ordered to a "hearing as if no trial had been had" precluded any change of the issues.

The only question then before the court was, whether the case should have been reinstated on plaintiffs' petition. No question as to subsequent proceedings on such hearing was under consideration. If, as a matter of fact, there was no right of recovery alleged, the action of the trial court was eminently proper in saying so and ending, in that tribunal, this long litigation. The question was not, how the action should go on, but, whether it should go on and it be ascertained whether plaintiffs had a right of recovery or not. The lack of parties or misjoinder, if either exist, should be permitted to be corrected by amendment, and had been waived, so far as it could be done, by the answers. The trial court distinctly put its ruling on the ground of insufficiency of the facts pleaded to authorize a recovery.

The claim of no jurisdiction seems no longer to be urged. The claim of lack of capacity to sue is urged now, but seems distinctly to have been settled at the last hearing which was had in this court. It is based upon a claim that there was no jurisdiction in the Douglas county probate

court to set aside plaintiffs' discharge from their execu-
torship, and so none in the district court to entertain any
appeal from such action.  It is therefore urged that the.
action of the Douglas county district court in setting aside
such discharge is void for want of jurisdiction.

The time to urge this contention was at the last hearing,
and it was evidently passed upon then.  There was a dis-
tinct reversal of an upholding of this contention, and such
action was final upon that point.  The contention has by
no means enough merit to warrant us in reversing the ac-
tion then taken.

The defect of parties is on the ground of an alleged re-
fusal and protest of Patrick Cavanaugh against being re-
instated as executor.  This too was evidently disposed of
by the decision upon the petition to set aside the dismissal,
at the last appearance of the case in this court.  As is re-
marked in the opinion then rendered, there is no disclaimer
by Patrick Cavanaugh in the record.  There seems no ques-
tion that this is one of the questions which, in disposing
of defendants' attempt to appeal from the order reinstating
the executors, Judge NORVAL said might be raised, when-
ever the executors should attempt to renew this action.
It is clear that it was raised and decided at the last hear-
ing, when plaintiffs' right to renew the action, and the
sufficiency of their application to do so, was determined in
this court, after having been refused in the district court.

There is then no ground on which the demurrers can be
sustained, except the one on which the district court put
its action, that the petition states no cause of action.  If it
does state one, then the plaintiffs, so far as the record now
shows, are entitled to prosecute it.  The reasons for sus-
taining the demurrer given by the district court are, as
before stated, two:  (1) That the contract was void because
it provided for an exchange of goods for land by executors
who had power only to sell for cash;  (2) and, because the
$14,000 cash paid by defendants was not returned.

Defendants are still urging both of these reasons, and
add some others growing out of certain things which ap-

pear, as they say, in the "records of the cause." To bring
these "records" into this present hearing, the parties have
made the following stipulation:

"It is agreed and stipulated that all the records in the
several transcripts and bills of exceptions filed in this
action, and the facts therein stated, are to be taken and
considered by this court."

It is sought, by this means, to have considered, in con-
nection with the allegations of the petition, the probate
records of Douglas county in regard to the James Edney
estate. We have seen in what way it is sought to bring in
questions as to the reinstatement of the executors. It
further appears from these records that the stock of hard-
ware was ordered by the county court to be sold for $14,000
cash, and was reported sold for such sum to defendants,
and the sale confirmed on such report. We are asked,
under the terms of this stipulation, whether there can be
any recovery in this action, it being conceded that defend-
ants paid the $14,000.

It would seem that, by their stipulation, the parties
wish this court to pass upon the question of liability, under
facts which are not within the record of the district court's
action. That court, so far as the record shows, merely
acted on the allegations of the petition. The demurrers
which admit those allegations add nothing to them. Our
state constitution fixes the jurisdiction of this court. It is
original in cases relating to state revenue, civil cases where
the state is a party, and cases of mandamus, habeas corpus,
and quo warranto. In addition to this it has such ap-
pellate jurisdiction as the laws allow. Constitution, article
VI, section 2. It has been frequently held that the jurisdic-
tion of this court is limited to errors appearing in the
record. *Morrill v. Taylor*, 6 Neb. 236, 252; *Frey v. Drahos,*
7 Neb. 194.

It seems clear that the only proper way to get this court
to determine the effect of these additional facts upon the
alleged liability of defendants, is to get them before the
district court, and then here, by error proceedings from
that court's decision.

We shall therefore consider simply the allegations of the petition, and if they show a liability on defendants' part in favor of plaintiffs, the trial court's action must be reversed.

The allegations are that those parties are and were, during all the time involved, the executors of James Edney, and duly qualified; that the estate had a stock of hardware in Omaha worth $31,749.90; that defendants offered to Mrs. Edney to purchase it and give in payment some lots in the city of Lincoln. That 130 lots in College Park subdivision, near Lincoln, which are described, were conveyed to her; that they were conveyed to her at $150 a lot, subject to $4,000 incumbrance; and the hardware was delivered and the lots accepted at such a value on the purchase price; that defendants took possession of the hardware jointly; that James E. Baum, acting for himself and for the other partners to cheat and defraud plaintiffs and the estate they represented, induced Mrs. Edney to come to Lincoln and, on pretense of getting her to examine a farm, took her over these lots, but distracted her attention from them, and she did not examine them with any view of trading for them; that he made various representations concerning the lots, twenty of which are set out; that these representations were false in each particular, which is set out; that Mrs. Edney, shortly after and as soon as she learned of the fraud, offered to reconvey the lots, and demanded a return of the hardware and a rescission of the trade, which was all refused; that defendants have disposed of most or all of the hardware; that the deed of the lots was made to Mrs. Edney, fraudulently, and after notice to make it to both executors. Damages are laid at $22,750 and judgment asked for that sum, interest and costs. A prayer for general relief is added.

A fair construction of this pleading is that given it by the trial judge, that it indicates the receipt by plaintiffs of about $14,000 on these goods. Does that fact, and that there is no allegation of any tender of its repayment, together with the fact that, as executors, they had no specific

authority to trade for lots, prevent any recovery, either for the goods, which are alleged to have been delivered, or for the misrepresentations which are alleged to have procured such delivery? It would seem not. The fraud of these plaintiffs, if there was a fraud, was their own. Their recovery, if they recover, is on behalf of the estate which they represent. No unauthorized individual transaction of the executors can estop their recovery in their official capacity. *Arlington State Bank v. Paulsen,* 59 Neb. 94.

That estate is entitled to its goods, if the contract was totally void, and to damages, if title to them was obtained by fraud. If the contract was void, "absolutely," as the trial court said, then the conveyance of the lots to Gertrude Edney would have nothing to do with the right to the goods. Defendants, in that case, should have returned them when they were demanded, and then proceeded to recover their money and property from whoever had it. If the contract was "absolutely void," it required no rescission, as it admitted of no ratification. If that is the situation, the plaintiffs would be entitled to recover for the estate's goods, and defendants could offset for the money paid, as far as it would go. The defendants surely can not, by their demurrers, admit that they got $3,000 of the estate's goods, admit that they turned over in payment for them 130 lots and $14,000 in money, admit that the lots were worthless, and the trade was induced by their fraudulent misrepresentations, but say to the executors, suing on behalf of the estate, your action in trading for the real estate was unauthorized on your part, the agreement was and is void, we will keep the goods, and you can get nothing for them but the money which has been paid you, and can have no damages for the fraud by which we got them.

The question which has caused us the most trouble, probably because it was the one to which counsel on either side hardly address themselves, is as to whether the contract is to be deemed void, and the conveyance of the real estate and the transfer of title to the goods as if they had

never been attempted, or whether it should be deemed merely an irregular transaction which passed title to the goods, and on which the executors could collect damages for fraud in it.

Evidently, if it was valid enough to need to be rescinded, it could be confirmed. Plainly, if a duty to rescind lay on the executors, as such, they could affirm it and collect damages, if there were any. Clearly, if the transaction was valid enough to warrant defendants in taking possession of the goods, selling a part of them and refusing on the executors' demand to return the rest, without incurring liability to the estate, it was valid enough to warrant a suit against them for fraud in bringing it about.

But what is the liability of defendants? Is it for the goods or for fraud in getting them? To be sure in either event the action of the trial court must be reversed. If defendants have no title to the hardware, there are facts enough alleged to make them liable for conversion of it. The right of possession in plaintiffs, and its denial and refusal, and conversion of the goods to their own use, sufficiently appear, if the attempted trade was of no effect. If it was effectual to pass the goods, fraud in bringing it about is also alleged. But it hardly becomes this court to say that some kind of a right is here, but what it is can not be determined. At common law the executor had the full title and *jus disponendi* of the personal estate. 1 Woerner, American Law of Administration (2d ed.), sec. 175; Schouler, Executors and Administrators (3d ed.), sec. 239; *Field v. Schieffelin*, 7 Johns. Ch. (N. Y.) 150; *Petersen v. Chemical Bank*, 32 N. Y. 21, 88 Am. Dec. 298. All of the above authorities hold that heirs, devisees or creditors have no right to pursue this property in the hands of one who has acted in good faith and in no way united with the trustee in a *devastavit*. Unless a different rule is established by statute, then, the right of disposing of these goods as if they were their own belonged to these executors. Evidently, it would not much help these defendants to try to set up a liability to the beneficiaries of this estate as a defense to the estate's direct claim.

We have in section 277, chapter 23, Compiled Statutes (Annotated Statutes, 5142), a provision for the probate judge's ordering a sale and directing the terms. This statute came from Massachusetts through Michigan, and in *Newell v. West,* 13 Blatchf. (U. S.) 114, it is held to be directory only and not to invalidate a sale made without such authority. In *Blake v. Chambers,* 4 Neb. 90, a trust estate in lands conveyed to an executor, in consideration of assets of a testator, was decreed to creditors. A similar holding in favor of heirs, in *Merket v. Smith,* 33 Kan. 66, 5 Pac. 394, construes a similar statute. The holdings of Chancellor Kent in *Sutherland v. Brush,* 7 Johns. Ch. (N. Y.) 17, and of Chief Justice Gibson in *Petrie v. Clark,* 11 S. & R. (Pa.) 377, both giving a full *jus disponendi* to executors, are said by Mr. Freeman, in his note to the former case, 11 Am. Dec. 383, to have settled the American law in this respect.

We conclude that as between these parties, on the facts alleged in the petition, and in the absence of any rescission, the defendants got title to the hardware and should respond in damages for any fraud committed by them in so doing.

It is recommended that the judgment of the district court be reversed and the cause remanded for further proceedings in accordance with law.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings according to law.

REVERSED.