BERNARD CAHN ET AL. V. JOSEPH LIPSON ET AL.

FILED MARCH 21, 1894.   NO. 4767.

1. Pleading: JOINDER OF NEW PARTIES DEFENDANT: DISCRE-
   TION OF TRIAL COURT.   The discretion of the district court in
   permitting the joinder of new parties defendant will not be re-
   viewed unless prejudicial error is shown to have resulted from
   the manner in which such discretion has been exercised.

2. Taxation of Costs: REVIEW.   An alleged improper taxation
   of costs cannot be presented in this court where no motion to
   retax the same has been made in the trial court.   Following
   *Real v. Honey*, 39 Neb., 516; *Bates v. Diamond Crystal Salt Co.*, 36
   Neb., 904.

ERROR from the district court of Dawes county.   Tried below before KINKAID, J.

*Spargur & Fisher*, for plaintiffs in error.

*E. S. Ricker, contra.*

RYAN, C.

Isaac Silverstein, in January, 1889, was a retail mer-
chant at Chadron, Nebraska.   On the 7th day of the
month named he executed to Cahn, Wampold & Co. a
mortgage upon his stock to secure the payment of $1,258,
due January 8, 1889.   This mortgage was filed for record
at 3 o'clock P. M. of the aforesaid 7th day of January.

On the day last named there was executed by Isaac Silver-stein a mortgage to Frankenthal, Frendenthal & Co. on the same stock of goods to secure payment of the sum of $1,472, due January 8, 1889. This mortgage was filed for record at 10:30 o'clock A. M. of January 7 aforesaid, being about four and one-half hours before the mortgage to Cahn, Wampold & Co. was filed. Silverstein, on Jan-uary 7, 1889, made another mortgage to Austrian, Wise & Co., to secure payment of the sum of $1,356.72, due Jan-uary 8, 1889. This mortgage was filed for record one minute later than was the mortgage to Frankenthal, Frendenthal & Co., to which, by its terms, it was ex-pressly made subject. It seems that a mortgage had been made on January 5, 1889, by Mr. Silverstein to the Bank of Chadron on the same property above referred to as having been mortgaged, and that the bank had immedi-ately thereunder taken possession of the mortgaged prop-erty. The claim of the bank was satisfied by sales of a part of the goods mortgaged, and this suit was insti-tuted in replevin by Cahn, Wampold & Co. against James C. Dahlman, sheriff, and Clement J. Davis, constable, of Dawes county, Nebraska. From the fact that the bank filed an answer it is inferable that the officers named were still in possession of the stock mortgaged at the time this action was begun. What were the averments of its answer are wholly matters of conjecture, unless resort is had to a copy substituted for the original answer shown to have been lost from the files. On motion of Cahn, Wampold & Co. this substituted answer was stricken from the files, so that even this reflected light as to the original answer is denied us. Before judgment was rendered, the bank and Clement J. Davis, constable, having been dismissed as parties, the firms of Frankenthal, Frendenthal & Co. and of Austrian, Wise & Co., respectively, filed answers whereby the priority of each firm over plaintiffs' mortgage, by virtue of the mortgage of each of said firms, was as-

serted and judgment was prayed accordingly in each of said answers. Motions were made to strike each of these answers from the files, which were overruled, and exceptions were thereupon duly taken; but each of said motions was afterwards followed by a reply putting in issue the averments of said answers. It is insisted there was error in permitting Frankenthal, Freudenthal & Co. and Austrian, Wise & Co. to answer, and in refusing to strike out the answer of each. No ground is pointed out upon which such error can be predicated, and we have been unable to find any such error. The firms with whom plaintiffs' litigation was had were, upon the face of the record of their mortgages, entitled to a priority of right of possession over the right of plaintiffs. There was no error in admitting them as parties in this action to test the existence of such relative priorities. The evidence justified the finding of the court as to the value of the property in dispute, though there was evidence from which properly it could have been adjudged that such value was greater or was less than it was actually found. In view of these conditions the finding upon this point cannot be disturbed.

It is urged that the costs should not have been taxed against the plaintiffs, and that plaintiffs should have been allowed for the keeping and taking care of the property which was in dispute. It is possible that the items referred to might have been adjusted as costs in this case, and that upon motion for that purpose the taxation of costs generally would have been changed by the trial court. To a review of the question whether or not the trial court should have done so, a motion to that end should have been presented to, and acted upon by, that court precedent to its presentation in this court. (See *Real v. Honey*, 39 Neb., 516; *Bates v. Diamond Crystal Salt Co.*, 36 Neb., 904.)

There are other parties to this controversy, for instance Joseph Lipson, a judgment creditor of Isaac Silverstein;

but as no argument is made specially as against the rights of such other parties, they are omitted from the foregoing discussion in the interests of perspicuity.  The judgment of the district court is

 AFFIRMED.

POST, J., not sitting.