SUSIE H. GILLILAN, ADMINISTRATRIX, APPELLEE, V. ADELIA
P. FLETCHER ET AL., APPELLANTS.

FILED DECEMBER 5, 1907.   No. 15,000.

1. Limitation of Actions; "Where, after the maturity of a note
   secured by a real estate mortgage, interest payments are made
   annually on such note, a right of action accrues on the mortgage
   at any time within ten years after the date of the last payment
   on said note." *Teegarden v. Burton*, 62 Neb. 639.

2. Evidence examined, and *held* sufficient to sustain the finding and
   judgment of the district court.

APPEAL from the district court for Lancaster county:
LINCOLN FROST, JUDGE. *Affirmed.*

*Francis M. W. Price* and *A. E. Harvey*, for appellants.

*Berge, Morning & Ledwith*, contra.

EPPERSON, C.

This is an action to foreclose two real estate mortgages
given by Asa Fletcher and wife to W. G. Houtz. A decree
of foreclosure was entered as prayed. Since the decree
Houtz died, and the action is prosecuted in the name of his
administratrix.

The principal defense relied on by defendants is the
statute of limitations. The notes and mortgages became
due April 20, 1891. They were not paid when due, and
this action was instituted January 4, 1906. Defendants
concede that the interest was paid up to and including
the year 1895. Plaintiff's witnesses testified that the last
interest payment was in the summer of 1896. This was
denied by defendant's witnesses. The trial court resolved
this issue of fact in plaintiff's favor, and, after a careful
review of the record, we conclude that his finding was
correct. Plaintiff testified that the last payment was
interest to April 20, 1896, and the indorsements on the
notes so show. Plaintiff was corroborated by his son-in-

law, who testified that he received this payment of interest for plaintiff in the summer of 1896 from the mortgagor in person.   Defendants seek to discredit this testimony by a letter from plaintiff to defendants, of date September 25, 1896, in which the former urged a settlement of the indebtedness, and said in part: "You know it is unfair that I cannot get even the interest on my money invested." The general trend of this letter, which is too lengthy to set out in full, is pessimistic, and the excerpt undoubtedly referred to other investments made by plaintiff which he mentioned in the letter.   It does not impeach the plaintiff's evidence as to the fact of the payment of interest on the indebtedness to April 20, 1896.   As the action was commenced within ten years thereafter, it was not barred. *Teegarden v. Burton*, 62 Neb. 639.

Each mortgage contained a clause that, upon failure to pay taxes, the principal sum became due and payable. The Fletchers defaulted in the payment of taxes in the year 1893 and the land was sold at tax sale.   It is now contended that the mortgages matured upon this breach of the conditions and that an action to foreclose was barred ten years later.   The mortgage matured and became due April 20, 1891.   Default in the payment of subsequent taxes could in no way affect the plaintiff's right to foreclose or cut short the period of limitation, which, as above indicated, was tolled by payment of interest.

Other assignments argued do not require discussion, and we recommend that the judgment of the district court be affirmed.

DUFFIE and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.