CLARA E. BATTEY, APPELLEE, v. LOSADA L. BATTEY ET AL., APPELLEES; D. A. SHUTER ET AL., APPELLANTS.

FILED DECEMBER 24, 1913.    No. 17,451.

1. **Wills**: BEQUEST OF MORTGAGEE'S INTEREST IN LAND: EFFECT. A will which gives to a devisee the use of real estate on which the testator held a mortgage at the time of his death will pass the interest of the mortgagee, as it actually existed, with all of the rights and interests of the debt, and in the land itself growing out of that relation to it. As to such property interest the testator cannot be said to have died intestate.

2. **Executors and Administrators**: POWER OF SALE: MORTGAGEE'S INTEREST IN LAND. An executor, in such case, who is given the power by the terms of the will itself to sell and dispose of such property, having taken title to the land in satisfaction of the mortgage debt, will hold the same as personalty belonging to the estate, and may sell and convey the land to a *bona fide* purchaser without an order of court.

3. ———: ———: ———: TITLE OF PURCHASER. In such case the purchaser will take a good title to the land, and subsequent proceedings of the county court in another state cannot divest him of his title.

4. ———: SETTLEMENT OF ACCOUNTS: ESTOPPEL. When it appears that

the executor has settled his accounts with the devisee and the estate of the testator, and has been discharged from his trust relation, the devisee being at all times of full age and responsible for his acts, such devisee will be estopped from claiming any interest in the land so. disposed of by the executor.

5. ———: ESTOPPEL. In such case the executor, who is one of the heirs of the testator, is also estopped by his own acts to afterwards claim any interest in the land thus sold and conveyed by him to the purchaser.

APPEAL from the district court for Perkins county: ROBERT C. ORR, JUDGE. *Reversed with directions.*

*Tibbets, Morey & Fuller,* for appellants.

*W. P. McCreary, J. C. Stevens* and *B. F. Hastings, contra.*

BARNES, J.

This action was a suit in equity, brought in the district court for Perkins county, to quiet the title to the north half of section 31, township 11, range 39 west, situated in that county, in the plaintiff, and cancel certain deeds, under which the defendants claimed title, as clouds upon the title of the plaintiff.

When the action was commenced, plaintiff confessed defendants' demurrer to her petition, and on the 10th day of April, 1910, she was allowed 90 days in which to file an amended and supplemental petition. When the amended petition was filed, defendants Shuter and Westphalen answered, claiming title by mesne conveyances from one W. L. Rutledge, who purchased the land in question from Galen S. Battey, as executor of the will of Pauline A. Battey, deceased, who conveyed the land to Rutledge in pursuance of his purchase. The other defendants made no appearance, and default was entered against them. There was a reply which put in issue the allegations of the answer. A trial to the court resulted in general findings and a decree for the plaintiff, and the defendants Shuter and Westphalen have appealed.

The record discloses that one Pauline A. Battey departed this life in Bureau county, Illinois, in the year 1897, leaving surviving her a husband, Owen W. Battey, and Losada L. Battey and Galen S. Battey, her two sons, and sole heirs at law. She also left a will by which it was provided, among other things: "I further devise and bequeath to my son, Losada L. Battey, the use of the following described property, with the provision that the executors of this my last will have the power and are hereby instructed to sell all or any of the property hereinafter described, if it is in their judgment profitable so to do, and invest the proceeds in other desirable property for the benefit of the said Losada L. Battey during his life." (Here follows a description of the property.) It was further provided by the terms of the will as follows: "I also give and bequeath to my son, Losada L. Battey, the use of all the north half (½) of section thirty-one (31), in township eleven (11) north, of range thirty-nine (39) west, situated in the county of Perkins and state of Nebraska. * * * I nominate and appoint as executors of this my last will and testament, my husband Owen W. Battey and my son Galen S. Battey, without bond." This will was duly probated in the county and state where the testator died, and Owen W. Battey and Galen S. Battey were appointed executors; Galen living at that time in Jewell county, Kansas. Afterwards, Owen becoming disqualified by infirmity, which was soon followed by his death, one Frank J. Nye was appointed administrator *de bonis non.* The bulk of the estate consisted of real estate in Jewell county, Kansas. Galen S. Battey had this will probated in that state, and himself appointed executor according to the nomination of the will. As a step in carrying out the provisions of the will and closing the estate, Galen S. Battey presented the will for probate in the county court of Perkins county, Nebraska, and, after due notice, the same was duly admitted to probate as a foreign will operative upon real estate in that county, and Galen S. Battey was duly appointed executor thereof without bond, according to the provisions of the will.

It further appears that at the death of the testatrix she was the owner of two notes for $750 each, secured by a mortgage on the land in Perkins county. Meantime Galen S. Battey, as executor of her estate, had made a settlement with one Cannon, who was at that time the owner of the Perkins county land, had dismissed a foreclosure suit that had been commenced in the lifetime of the testatrix, and had satisfied the mortgage by taking a deed from Cannon to the land in full settlement of the debt due to the estate, which deed was dated August 1, 1898; that in the year 1901 Frank J. Nye was finally discharged as administrator *de bonis non,* and no further proceedings were ever had in the county court of Bureau county, Illinois, until after the commencement of this action. On the 28th day of July, 1902, Galen S. Battey, as executor, sold and conveyed the land in question to one W. L. Rutledge for its then full value, and the defendants Shuter and Westphalen are the *bona fide* grantees of said Rutledge.

It further appears that on April 16, 1902, Losada L. Battey and his wife, Mary L. Battey, conveyed by quitclaim deed to the plaintiff all their interest in and to the land in question, and that by a clerical mistake in writing said deed the land was described as the "north half of section thirty (30), in township eleven (11) north of range thirty-nine (39)," instead of the "north half of section 31," and on the 31st day of October, 1903, said quitclaim deed was recorded in the records of Perkins county, Nebraska; that on the 7th day of May, 1907, Galen S. Battey conveyed to the plaintiff, who is his wife, his interest in said land by a quitclaim deed, and on May 11, 1907, said deed was recorded in the deed records of Perkins county, and it is under the above described quitclaim deeds from the sole heirs of Pauline A. Battey that the plaintiff claims title to the land in question.

It is further disclosed by the record that after the demurrer was confessed, and before the amended and supplemental petition was filed, such proceedings were had

in the county court of Bureau county, Illinois, that Frank J. Nye was reappointed administrator *de bonis non*, and the executor, Galen S. Battey, went through the form of settling his accounts with the estate of Pauline A. Battey. The settlement was afterwards approved by the county court, and an order was entered distributing the estate, and the administrator Nye was directed to convey the land in question in this suit to the plaintiff by an administrator's deed, which was accordingly done, and Nye was finally discharged as such administrator. Thereupon the proceedings and the deed above mentioned were set up in the amended petition as a part of plaintiff's cause of action.

As we view this case, the last-mentioned proceedings gave the plaintiff no additional right of action other than that possessed by her when her suit was commenced. The appellants contend that the court erred in its findings and judgment for the plaintiff, and that the findings and judgment are contrary to law.

The first question presented for our determination may be stated as follows: Was the will of Pauline A. Battey operative upon her interest in the Perkins county land on which she held the mortgage, the use of which was devised to Losada L. Battey? This question seems to have been settled in *Woods v. Moore*, 4 Sandf. (N. Y. Super. Ct.) 579, 589. It was there said: "The rule established is very plain that, where it is clear that there was an intent that the property in question should pass, it will be held to pass, notwithstanding a misdescription, so long as there is enough of correspondence to afford the means of identifying the subject of the gift. The rule comes to this that, where it is necessary to carry out the intent that the will shall operate on the real estate, it will be held so to operate, although the object is not thus described, and *vice versa*. So when the devise is of land, and it turns out that the testator's interest was a mortgage upon the same land, the law may pass his estate as mortgagee, such as it actually existed, with all his rights and interests in the debt,

and in the land itself growing out of that relation to it."
This rule is supported by *Corey v. Dinsmoor*, 226 Ill. 438;
*Heirs of Wright v. Minshall*, 72 Ill. 584; 2 Boone, Real
Property (2d ed.) sec. 344; *Seebrock v. Fedawa*, 33 Neb.
413; 1 Jarman, Wills (6th ed.) p. 672 (*647). "A devise
of specific realty of which testator is mortgagee will show
testator's intention to pass the mortgage by that descrip-
tion." Page, Wills, sec. 483. Schouler, Wills (3d ed.)
sec. 495; Hawkins, Wills (2d ed.) p. 35; 2 Redfield, Law
of Wills (3d ed.) p. 135. Many other authorities could
be cited in support of this proposition. It therefore
seems clear that the will of Pauline A. Battey conveyed
her interest as mortgagee in the Perkins county land to
Losada L. Battey, during his life, and as to that interest
she did not die intestate.

The next question for our determination is: Did the
power of sale contained in the will authorize the executor
to sell and dispose of the interest thereby conveyed?
Upon that question the will provided: "I further devise and
bequeath to my son, Losada L. Battey, the use of the fol-
lowing described property, with the provision that the ex-
ecutors of this my last will have the power and are hereby
instructed to sell all or any of the property hereinafter
described." Her interest as mortgagee of the Perkins
county land was contained in the description of the prop-
erty devised. It is conceded by all the parties that Galen
S. Battey, as executor, had the power under the will to
take title to this land in payment of and to cancel the
mortgage debt. This was done, and when the title was
conveyed to him as executor he took and held the same as
personal estate, and was charged therewith as such ad-
ministrator. Where land is taken in payment of debts due
the estate, such land becomes assets of the estate, and may
be sold without an order of the court, even though no
power of sale is contained in the will. 18 Cyc. 351. Such
land will be treated as personalty, and may be sold by the
executor without an order of the court in those jurisdic-
tions where he is not required to obtain leave of court to

sell personalty. *Stevenson v. Polk,* 71 Ia. 278; *Williams v. Towl,* 65 Mich. 204. In *Edney v. Baum,* 70 Neb. 159, 167, it was said: "At common law the executor had the full title and *jus disponendi* of the personal estate. 1 Woerner, American Law of Administration (2d ed.) sec. 175; Schouler, Executors and Administrators (3d ed.) sec. 239; *Field v. Schieffelin,* 7 Johns. Ch. (N. Y.) *150; *Petersen v. Chemical Bank,* 32 N. Y. 21, 88 Am. Dec. 298. All of the above authorities hold that heirs, devisees or creditors have no right to pursue this property in the hands of one who has acted in good faith and in no way united with the trustee in a *devastavit.* Unless a different rule is established by statute, then, the right of disposing of these goods as if they were their own belonged to these executors." In the instant case the power was vested in the executor, Galen S. Battey, to sell the Perkins county land, and it was unnecessary for him to obtain authority of the court so to do. In 11 Am. & Eng. Ency. Law (2d ed.) 1007, it is said that the statutes requiring an order of the court to sell personal property are for the protection of the executor and are directory only. *Flynn v. Chicago G. W. R. Co.,* 141 N. W. (Ia.) 401. It follows that when Galen S. Battey sold the land in question to W. L. Rutledge in good faith for full value, and conveyed the title thereof to him by executor's deed, Rutledge obtained a perfect title thereto, and the administrator was required to account to the estate for the purchase price thereof.

It further appears that Galen S. Battey, at the proper time, settled all of his accounts with the administrator *de bonis non* of the estate of Pauline A. Battey, and was discharged as such administrator; that Frank A. Nye, administrator *de bonis non,* settled his accounts with the estate, and has been discharged. It is not claimed or intimated that the estate or that Losada L. Battey had not received the purchase price of the land in question and converted it to his own use, and the presumption is that it was so received and converted. It appears that at all times during the settlement of the estate of Pauline A. Battey all of

the persons interested therein were of full age and legally responsible for their acts. It follows that, at the time Losada L. Battey and wife made the quitclaim deed under which the plaintiff claims title, neither of them had anything to convey, and Losada was clearly estopped from making any claim to the land in question. *Borcher v. McGuire,* 85 Neb. 646; *Kulp v. Heimann,* 90 Neb. 167; *O'Donnell v. Heimann,* 90 Neb. 172; *Weekes v. Heimann,* 90 Neb. 173; *Mote v. Kleen,* 83 Neb. 585. For the reasons given in those cases, Galen S. Battey was also estopped from claiming any interest in the land in question, and his deed conveyed nothing to the plaintiff. It follows that the proceedings of the county court of Bureau county, Illinois, had after defendants obtained their title to the land in question, could in no way divest them of that title.

As we view the record, the defendants were entitled to the findings and judgment, and the cause is reversed and remanded to the district court for Perkins county, with instructions to dismiss the plaintiff's action and render a judgment for the defendants Shuter and Westphalen, quieting their title to the land in question.

REVERSED.

LETTON, FAWCETT and HAMER, JJ., not sitting.