CHARLES F. BARTH ET AL., APPELLANTS, V. LINCOLN TELEPHONE & TELEGRAPH COMPANY, APPELLEE.

FILED JANUARY 22, 1932. No. 27730.

J. J. Thomas, Charles F. Barth, C. A. Sorensen, Attorney General, and Hugh La Master, for appellants.

Woods, Woods & Aitken, contra.

Heard before ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ., and HORTH, District Judge.

HORTH, District Judge.

The Lincoln Telephone & Telegraph Company, a Nebraska corporation, appellee herein, filed its application with the Nebraska state railway commission for authority to place into effect a revised and advanced schedule of rates at its telephone exchange in the city of Seward, after rebuilding its plant and converting the same from a manual to an automatic system.

Charles F. Barth and Harry A. Cummins and the Seward Chamber of Commerce of Seward, Nebraska, for themselves and others similarly situated, appellants herein, appeared informally at the hearings before the railway commission upon the application of the appellee, made written requests for the production of certain records of the appellee, cross-examined witnesses produced by the appellee in support of its application, called and examined witnesses in their own behalf, and after the railway commission had entered an order, under date of June 16, 1930, authorizing appellee to publish and collect a revised and advanced schedule of rates for automatic telephone service at the Seward exchange, appellants, under date of June 21, 1930, filed with the railway commission a motion for new trial and rehearing, which was on the 15th day of August, 1930, overruled by the railway commission. Appellants thereupon gave notice of appeal, and for the purpose of perfecting the same, and under date of October 1, 1930, filed with the clerk of this court their transcript.

The dates above given are material, for it is the contention of the appellee that appellants did not file their transcript with the clerk of this court within the time fixed by statute, and that by reason thereof this court has no jurisdiction to hear or consider the case, and it is this challenge to the jurisdiction of the court that first demands our attention.

The order of the state railway commission from which this appeal is undertaken bears date June 16, 1930. The motion for a new trial was filed June 21, 1930, and the transcript was filed with the clerk of this court on October

1, 1930. The law providing for appeals from orders and decisions of the state railway commission is set forth in section 75-505, Comp. St. 1929, and, in so far as it is material to the question here involved, reads:

"The procedure to obtain such reversal, modification or vacation of any such order or regulation made and adopted, upon which a hearing has been had before the commission, shall be governed by the same provisions now in force with reference to appeals and error proceedings from the district court to the supreme court of Nebraska. The evidence presented before the railway commission, as reported by its official stenographer and reduced to writing, shall be duly certified by the stenographer and the chairman of the railway commission as the true bill of exceptions, which, together with the pleadings and filings duly certified in the case under the seal of the railway commission, shall constitute the complete record and the evidence upon which the case shall be presented to the appellate court: Provided, however, the time for appeal from the orders and rulings of the railway commission to the supreme court shall be limited to three months."

When a motion for a new trial is a necessary step to perfect an appeal from the district court to this court, such motion, when no question of newly discovered evidence is involved, must be made within three days from the date the decision is rendered unless "unavoidably prevented." Comp. St. 1929, sec. 20-1143. Appellants seek to avoid the delay in making their motion for new trial within the time prescribed by law, by filing herein, on May 19, 1931, a supplemental transcript, by leave of court, consisting of an affidavit reading as follows:

"State of Nebraska,
County of Seward. } ss.

"I, Chas. F. Barth, being first duly sworn on oath depose and say that I was one of the attorneys for the Seward Exchange subscribers.

"That I appeared in said proceeding for and on behalf of the subscribers thereof and the Chamber of Commerce

of the City of Seward; that the first notice which I had of the commission's order entered herein was on June 20, 1930, about the hour of 9:00 when the morning mail was delivered; that I then received the copy of the order of the commission transmitted to me by the secretary thereof under date of June 19, 1930, mailed from the office of the Railway Commission in Lincoln, Nebraska; on the same day I prepared a motion for new trial and rehearing and deposited the same in the mails directed to the Nebraska State Railway Commission; that it was impossible for me to have filed a motion for new trial or rehearing before the 20th day of June, 1930, as that was the day on which I first received notice from the commission, that the order was received in the morning and the same day the motion was sent out.

"(Signed) Chas. F. Barth.

"Subscribed in my presence and sworn to before me this —— day of May, 1931.

"(Signed) L. H. McKillip,

"Notary Public.

"(Seal)     My commission expires Jan. 19, 1935."

No finding by the railway commission that appellants were "unavoidably prevented" from filing their motion for new trial within three days after the findings and decision of the railway commission from which they seek to appeal appears in the record. In *Aultman, Miller & Co. v. Leahey,* 24 Neb. 286, paragraph one of the syllabus reads:

"A question raised and presented only by a motion for a new trial, made after the expiration of three days after the verdict or decision, or by an amendment made after such three days to a motion previously filed in any case not specially excepted by the provisions of section 316 of the Code, should not be considered by the trial court, and if it is, such consideration will not be held binding by this court."

In the body of the opinion in the above case, Justice Cobb, in speaking upon the question here under consideration, said:

·"This amendment embodies a new and definite assignment of error. It was not made until the fourth day after the verdict was rendered, after the expiration of the time limited by the Code, without the finding by the court that the plaintiff 'was unavoidably prevented' from a compliance with the statute, as a palliation for the amendment."

In *Davis v. Taylor & Son*, 92 Neb. 769, paragraph two of the syllabus reads:

" 'Questions presented by an amendment to a motion for a new trial, made more than three days after verdict and without a finding of the court that the party was unavoidably prevented from presenting such questions within three days from the verdict, will not be considered by this court.' *Gullion v. Traver*, 64 Neb. 51."

Whether a motion for new trial was a necessary step in order to obtain a review of the findings and decision of the state railway commission is not decided; but, if it was necessary, such motion was not filed within the time limited by the Code and was, therefore, of no avail. If, however, the filing and overruling of a motion for a new trial was not a necessary proceeding for such a review in this court, then the transcript for appeal, having been filed in this court more than three months after the date of the findings and decision of the state railway commission from which appellants seek relief, would not give the court jurisdiction and the appeal should be dismissed. *Splittgerber Bros. v. Skinner Packing Co.*, 119 Neb. 135.

The appeal is, therefore, dismissed at appellants' costs.

APPEAL DISMISSED.