CENTRAL BRIDGE & CONSTRUCTION COMPANY, APPELLEE, V. CHICAGO & NORTHWESTERN RAILWAY COMPANY, APPELLANT.
MIDWESTERN & PACIFIC CONSTRUCTION COMPANY, APPELLEE, V. CHICAGO & NORTHWESTERN RAILWAY COMPANY, APPELLANT.
WESTERN BRIDGE & CONSTRUCTION COMPANY, APPELLEE, V. CHICAGO & NORTHWESTERN RAILWAY COMPANY, APPELLANT.

FILED APRIL 19, 1935. NOS. 29252, 29253, 29254.

*Wymer Dressler, Robert D. Neeley* and *Hugo J. Lutz,* for appellant.

*Lester L. Dunn, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

DAY, J.

These cases were briefed and argued together in this court. They were tried at one time in the district court, and there is one bill of exceptions. The judgments were identical in form and differ only in the amounts. The plaintiffs filed claims before the state railway commission for freight charges which they had paid but claimed were excessive. The state railway commission ordered a refund which the company did not pay. Thereafter,

plaintiffs filed an action in the district court to enforce payment of this award.

The state railway commission was created by the Constitution with power to regulate rates and to exercise general control of railroads as the legislature may provide by law. In the absence of specific legislation, the commission shall exercise the powers and perform the duties enumerated in this provision. Section 20, article IV of the Constitution, and the legislation enacted thereunder, have been considered many times by this court. It has uniformly been held that the commission is vested with power to regulate rates for and to exercise control of railroads.

Under this grant of constitutional authority, the state railway commission has established tariffs for freight on the railroads of Nebraska including the defendant herein. From time to time the legislature has enacted statutes directing the manner in which the state railway commission may exercise its control. In 1921 it enacted what is now sections 75-510 to 75-512, Comp. St. 1929. These statutes are specific as to the manner rates may be regulated. It provides in these sections that, in case a railroad company is paid unjust or unreasonable rates or charges, the shipper may file a complaint within two years with the state railway commission. If the commission shall determine that the rate is unjust, unreasonable, or unlawful, it may make an order requiring repayment.

The appellant urges as a defense that the claim was not filed within two years. It is a well-known rule that a statute of limitations must be pleaded and is an affirmative defense. The state railway commission made an order for repayment. In so doing it made an order determining rates. The order may have been erroneous, but no appeal was taken from the order. A transcript of its proceedings must be filed within three months from the date of the final order to give the supreme court jurisdiction. *Barth v. Lincoln Telephone & Telegraph Co.,* 122

Neb. 325. This is necessary to obtain a reversal, modification, or vacation of any order. Comp. St. 1929, sec. 75-505. This section authorized the railroad company to appeal from the order which is the basis of the judgments herein.

It is urged that the rates were lawful and in accordance with the published tariffs at the time. This is a question peculiarly within the purview of the state railway commission. It is its duty under the Constitution to determine the rate and its applicability. When it had determined this, it was made the duty of the court to enforce such order. The function of the court in this case is somewhat analogous to that it exercises in an action on a foreign judgment.

Section 75-511, Comp. St. 1929, prescribes the manner of bringing an action to enforce the order. Where the state railway commission makes an award for repayment of an unjust or unlawful rate or charge, it may be enforced by the claimant by an action in the district court for the district through which the railroad runs or in any state court having jurisdiction of the parties. One of these cases was commenced before a justice of the peace of Lancaster county which had jurisdiction of the parties. Any such state court has jurisdiction of the subject-matter.

In an action to enforce an award of the state railway commission for the repayment of an unjust and unlawful charge by a railroad company, the finding and the order shall be *prima facie* evidence of the facts therein stated.

The state railway commission has constitutional authority to exercise executive, legislative, and judicial power. It is sometimes difficult to differentiate the various powers exercised in a given order. But in the fixing of rates and the regulation of common carriers the commission exercises legislative power. The courts do not have such broad constitutional powers, but are limited solely to an exercise of judicial power. The courts cannot fix a rate or regulate a common carrier. In reviewing orders of the

railway commission which require the exercise of legislative authority, the courts can only determine the limitation of power and the reasonableness of the regulation. Such an order demands the same consideration by the courts as an act of the legislature. There were no appeals from the order of the commission making an award against the defendant. It was the duty of the court to enforce the order and enter the judgment.

AFFIRMED.