J. J. JOHNSON, APPELLEE, V. ALF. E. OLSON, APPELLANT:
WAHOO MUTUAL LOAN & BUILDING ASSOCIATION ET AL.,
APPELLEES.

273 N. W. 201

FILED MAY 14, 1937. No. 29929.

*Beghtol, Foe & Rankin,* for appellant.

*Charles H. Slama, Hendricks & Kokjer* and *E. S. Schiefel-bein, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY,
PAINE and CARTER, JJ.

PAINE, J.

The trial court sustained separate demurrers of John
E. Wilson, Mildred E. Johnson and Olof Berggren to the
amended answer and cross-petition of the defendant, Alf.
E. Olson, and the said Olson having elected not to plead
further, his amended answer and counterclaim was dis-
missed, from the entry of which journal entries he hereby
appeals to this court.

The plaintiff, J. J. Johnson, owned several lots in the
city of Wahoo, Nebraska, and erected thereon a hospital
and nurses' home. Alf. E. Olson, defendant and only ap-
pellant, was engaged in September, 1929, to do the plumb-
ing, heating, and certain remodeling work connected there-
with, and on April 26, 1930, he filed two separate mechan-

ics' liens, one against each of the properties, setting out that the labor had been performed and the materials furnished between September 19, 1929, and April 17, 1930.

J. J. Johnson, plaintiff and one of the appellees, filed a petition in the district court for Saunders county on July 11, 1930, said petition and exhibits covering some 15 pages, the prayer of said petition asking for a decree directing the defendant, Olson, to complete the installation of the plumbing and heating system in the nurses' home in accordance with the architect's specifications, and to put the 1,000-gallon oil tank under ground, and praying for an accounting between the parties, and asking judgment for $500, and that the mechanics' liens be canceled.

To this the appellant filed an answer, alleging that all of the work contracted for had been installed according to the new and independent plans, terms and agreements between the parties, and that such work installed had been accepted and used by the plaintiff without any complaint or objection, and that the equipment so installed is still properly functioning; that the plaintiff has made substantial payments upon the work, for which credit has been given, but that the amounts still due are shown in the mechanic's liens, and that the amount due on one of said liens is $296.60, and the amount due on the other mechanic's lien is $788.85, each with interest at 7 per cent., and praying for an accounting and a decree finding the amount due upon the liens, and praying that, if the amount due is not paid within 20 days, the premises be sold in satisfaction of the two mechanic's liens.

On June 13, 1933, the cause having been under advisement for some time, a decree was entered, in which the court found generally for the appellant and against the plaintiff, J. J. Johnson. The decree further finds that the plaintiff is entitled to receive a credit on the mechanic's lien of $296.60, leaving the balance due on the date of the decree on said lien, $180.50, with 7 per cent. interest from that date, and that, allowing certain credits for four drums of gas, the amount due on the second mechanic's lien is

$906.35, with interest, and each lien is declared to be a first lien upon the real estate therein described, and the decree provides that, if there is a default in the payment of said sums for 20 days, the sheriff shall sell the premises and bring the proceeds into court for the payment, first, of the costs, and, second, to be applied in satisfaction of the liens found due, with interest.

On August 28, 1933, a supplemental decree was entered by the same trial judge, correcting certain errors in the foregoing decree, and substituting the words "valid lien" for "first lien," and further finding that to make a final determination of the rights of all parties it is necessary to make parties defendant the following: Wahoo Mutual Loan & Building Association, Nebraska State Savings Bank, Emma M. Stratton, Olof Berggren, John E. Wilson, Mildred E. Johnson, and May E. Johnson; and ordering that service of summons be had upon each of them.

On April 10, 1935, an order of sale, directing the sheriff to advertise and sell said property as upon execution for the payment of the two mechanic's liens, was issued by the clerk of the district court, and a return to the order of sale was made by the sheriff, showing that he received the writ, but that a restraining order was served on him, stopping said sale, and, therefore, he returned the writ, no sale being held.

On May 13, 1935, the trial court heard the argument on the special appearances filed by Emma M. Stratton, Olof Berggren, John E. Wilson, Mildred E. Johnson, and May E. Johnson, and quashed the summons served upon the objecting defendants.

On June 4, 1935, summons was again served on said defendants, requiring them to answer before July 8, 1935, on which date they filed special appearances, which were overruled by the court on December 9, 1935.

Alf. E. Olson, appellant, having changed attorneys, and secured the firm of Beghtol, Foe & Rankin as his attorneys, a new and amended answer and cross-petition was filed on June 4, 1935, in which he alleged that the court had

entered a decree June 13, 1933, finding valid his two mechanic's liens, and that he was entitled to have the same foreclosed, and that in the same decree the court had dismissed the plaintiff's petition. Such amended answer recited that the court had modified the decree by a supplemental decree, directing that additional parties be brought into the action, and alleged that his two mechanic's liens were subject only to the claims of the Wahoo Loan & Building Association and the Nebraska State Savings Bank, and that Berggren might claim some interest by reason of a mortgage of $3,500, filed November 25, 1930, but that any claim Berggren might have was subject to the rights and mechanic's liens of the appellant; that the defendant John E. Wilson might claim some rights by reason of a mortgage of $1,500, filed January 12, 1931, but that any rights said Wilson might have were subject to the rights of this appellant; and that if Mildred E. Johnson claimed any interest in the property by reason of a deed dated May 5, 1930, and filed May 15, 1931, her interests, if any, were subject to his two mechanic's liens; and that any rights May E. Johnson might claim were also subject to his liens; and the same was true of the rights of Emma M. Stratton because of a mortgage, dated May 5, 1930, for $1,400, and filed May 12, 1930, and any rights due under that mortgage were subject to the two mechanic's liens.

In said answer and cross-petition, at paragraph 17, it is set out that the defendants, Olof Berggren, John E. Wilson, Mildred E. Johnson, May E. Johnson, and Emma M. Stratton each had actual knowledge of the mechanic's liens of the defendant, Alf. E. Olson, appellant herein, and also had actual knowledge of the bringing of this action by J. J. Johnson on July 11, 1930, and of the claims and rights of said Alf. E. Olson before any of the conveyances had been made to these defendants, and that said conveyances were all made in furtherance of a scheme and plan of the plaintiff, J J. Johnson, to defraud the defendant, Alf. E. Olson, and other creditors, and in said amended answer and cross-petition there is a prayer for an accounting between

all of the defendants, and that the rights of each may be determined and the property sold and applied on the lien.

On January 8, 1936, separate demurrers were filed by John E. Wilson, Mildred E. Johnson, and Olof Berggren, defendants, each demurring upon the ground that the amended answer and cross-petition filed June 4, 1935, fails to state a cause of action, for the reason that no cause of action has accrued in favor of Alf. E. Olson against such demurring defendants within four years next preceding service of summons, and the trial court thereupon entered separate orders, sustaining each of said demurrers, and thereupon, Alf. E. Olson having elected not to plead further, the said amended answer and counterclaim filed June 4, 1935, was dismissed.

From this review of the pleadings presented above, it is evident that this litigation has been allowed to drag out in the district court all these years since the petition was filed on July 11, 1930, and this fact in itself has introduced several questions for determination which would not otherwise be involved.

The first proposition of law relied upon for reversal is that a purchaser or a mortgagee of property who buys or loans money on it pending litigation concerning it is bound by the proceedings in that suit the same as if made a party of record.

In this case Olson filed mechanic's liens against the hospital and also against the nurses' home on April 26, 1930. A few days thereafter, on July 11, 1930, Johnson, the owner of the property, filed an action in equity, setting out the provisions of the mechanic's liens, and attaching the copies of the two liens to his petition, and asking for an accounting on said liens, the mechanic's liens having been duly filed in an equitable action brought against them some ten months before plaintiff Johnson deeded one piece of property to his attorney and brother-in-law, John E. Wilson, and deeded the other piece of property to his daughter, Mildred E. Johnson, on May 15, 1931.

Section 20-531, Comp. St. 1929, reads: "When the sum-

mons has been served or publication made the action is pending so as to charge third persons with notice of pendency, and while pending no interest can be acquired by third persons in the subject-matter thereof, as against the plantiff's title."

Let us examine some of the decisions on after-acquired interests in property subject to mechanic's liens.

It is held in 40 C. J. 405: "Persons acquiring liens other than mechanic's liens, after the commencement of a suit to foreclose a mechanic's lien, are not necessarily parties to the latter. And a purchaser *pendente lite* need not be made a party to the mechanic's lien proceeding."

2 Black, Judgments (2d ed.), sec. 550, says that one "who purchases property pending a suit in which the title to it is involved, takes it subject to the judgment or decree that may be passed in such suit against the person from whom he purchases."

"A mechanic's lien, like that of an attachment, when confirmed or made effective by judgment, is binding upon the parties thereto. And the law, in order to give full effect to the principle by which the parties are held bound by it, equally concludes by the same proceedings all persons who are represented by the parties, and claim under them or are privy to them, and they are estopped from litigating that which is conclusive upon those with whom they stand thus related." *State v. Eads,* 15 Ia. 114, 83 Am. Dec. 399.

Again, it is said in another case: "But as to persons who acquire interests by conveyance or encumbrance after suit brought, it is not necessary to make them parties. They are bound by the decree. The rule is thus stated in Story's Equity Pleadings, sec. 194: 'But encumbrancers, who become such *pendente lite,* are not deemed necessary parties, although they are bound by the decree; for they can claim nothing except what belonged to the person under whom they assert title, since they purchase with constructive notice; and there would be no end to suits, if a mortgagor might, by new encumbrances, created *pendente lite,* re-

quire all such encumbrancers to be made parties.'" *Whitney v. Higgins,* 10 Cal. 547, 70 Am. Dec. 748.

In *Dodge v. Hall,* 47 N. E. 110 (168 Mass. 435) : "Where work is done under a contract with an owner, a conveyance by him before the work is finished will not defeat the lien."

Boisot, Mechanics' Liens, sec. 318, says: "One who buys land pending a suit to foreclose a mechanic's lien thereon takes title subject to the lien, and is bound by the proceedings in the suit."

Rockel, Mechanics' Liens, sec. 150 (citations omitted) says: "The fact that work is in progress is a notice to all of the rights of the mechanic, and all conveyances made during that time are made subject to the mechanic's rights. It is immaterial whether the sale was fraudulent or *bona fide,* the property is subject to the lien that may thereafter be perfected within the time limited by statute."

Chancellor Kent, in the case of *Murray v. Ballou,* 1 Johns. Ch. (N. Y.) 566, says that the rule has existed for centuries, and is founded upon great public utility. Without it a man, upon the service of a subpœna, might alienate his land and the decrees of court might be wholly evaded.

As was said in Bloom, Mechanics' Liens, sec. 487: "When the lien has once attached, grants and encumbrances do not effect the lien." There is an old maxim, *"Qui prior est tempore, potior est jure."* (He who is prior in time, is stronger in right.)

In *Empire Land & Canal Co. v. Engley,* 18 Colo. 388, 33 Pac. 153, it says: "A purchaser or encumbrancer of property upon which a mechanic's lien is filed is chargeable with notice thereof by virtue of the mechanics' statute itself, without the filing of a notice of *lis pendens.* The enforcement of mechanics' liens should be favored by a liberal construction of the statute."

"The object of the mechanics' lien law being to secure the claim of those who have contributed to the erection of a building, it should receive the most liberal construction to give full effect to its provisions." *Way v. Cameron,* 94 Neb. 708, 144 N. W. 172.

In *Reynolds v. Manhattan Trust Co.*, 83 Fed. 593, Sanborn, circuit judge, held that the mechanic's lien attached to the property in December, 1889, when the appellants commenced the performance of their contract. At that time the mortgage of the trust company secured no bonds because no bonds had been issued, and until the bonds were issued the trust company had no superior right or better claim upon the mortgaged property than the mortgagor had.

The deed from plaintiff to John E. Wilson, his brother-in-law, had in it the words, "subject to encumbrances," while the deed to plaintiff's daughter, Mildred E. Johnson, had in it the words, "subject to encumbrances of record." These two deeds, filed for record May 15, 1931, fully apprised the grantees by their terms of the mechanics' liens filed against each tract. Action involving these liens had been filed in the district court July 11, 1930.

These transfers to these demurring defendants were made by a litigant to a pending suit, in which his title was a matter of controversy, and they must take full notice of all the facts then pending in that case, and actual notice of a pending action is just as effective as would be the filing of a *lis pendens*.

A mortgagee or grantee is estopped to question the validity of a prior encumbrance when his mortgage or deed contains an express recital that it is given subject to encumbrances of record. *O'Connor v. Power*, 124 Neb. 594, 247 N. W. 414.

If during the pendency of an action in equity the claim to the property in controversy could be transferred from the parties to the suit so as to pass their interests to a third party who would be unaffected either by the prior proceedings or subsequent judgment in the litigation, then all transactions in our courts would, as against designing men, prove ineffective, for an unending series of alienations of the property could protract a final determination into the boundless future, which scheme would forever preclude the prevailing party from obtaining that to which his judgment entitled him.

There were many other parties involved in this title by mortgages, transfers, and liens, and when the trial court on August 28, 1933, without notice and without a hearing, entered a supplemental decree and ordered that many additional persons be made parties defendant and be brought into the case, it is our opinion that the court could not, by its own act in requiring additional parties made parties defendant, defeat the rights of the appellant, Olson, to foreclose his two mechanics' liens when the additional parties so ordered brought in were not necessary parties under the law and the order was prejudicial. *Cahn v. Lipson,* 39 Neb. 776, 58 N. W. 280.

"But plaintiff cannot bring in or the court add parties, unless plaintiff has a cause of action against defendant or some person originally made a defendant, nor can the petition be amended so as to bring in a necessary party, if the lien has already expired, and if the matter has already been submitted, and the party is not a necessary party, the trial will not be opened." 40 C. J. 409.

There is no doubt in the case at bar that appellant Olson put in a lot of material and work, and greatly enhanced the value of the hospital and the nurses' home by installing the heating plant and the plumbing. He was clearly entitled to liens, and he filed those liens to protect his rights just nine days after he had completed the work, and later these liens were brought into an equity suit for an accounting by the owner of the property. It would be inequitable from every sense to defeat a valid, legal, and equitable judgment for mechanics' liens by saying that additional unnecessary parties should be brought in who could not be served within the time limited by law, and then by sustaining their demurrers defeat all recovery.

Appellant Olson has a decree and judgment against Johnson and those who are in privity with him for the amount due on his two mechanics' liens. The trial court should not have restrained the sheriff from carrying out the valid order of sale in his hands.

In the case of *State v. Nebraska State Bank,* 124 Neb.

449, 247 N. W. 31, the court said: "In the absence of statutory prohibitions, equitable remedies, when consistent with the fundamental principles of equity, should be so administered and employed as to give complete relief to each complaint, and sufficiently varied to answer every conceivable emergency."

For the reasons set out herein, the demurrers of the defendants John E. Wilson, Mildred E. Johnson, and Olof Berggren should be overruled.

The order of the district court is reversed and the cause remanded for proceedings in accordance herewith.

REVERSED.