O. J. HADLEY, APPELLEE, V. LIBBIE S. COREY ET AL., APPEL-
LANTS.

288 N. W. 826

FILED NOVEMBER 28, 1939.   No. 30620.

*Hoagland, Carr & Hoagland,* for appellants.

*J. C. Hollman, contra.*

Heard before SIMMONS, C. J., EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

EBERLY, J.

This is a suit in equity prosecuted in the district court for McPherson county by plaintiff, O. J. Hadley, against defendants Libbie S. Corey, unmarried, "John Doe and Mary Doe, real true names unknown," to secure the foreclosure of a certain real estate mortgage upon certain real estate situated in that county, which, at the time this mortgage was executed, was owned by Libbie S. Corey, named in this proceeding as mortgagor and defendant. It is pleaded in the petition that this mortgage bears date of May 1, 1922, and was given to secure the payment of a certain "real estate first mortgage coupon bond" of $1,200 bearing even date therewith, due and payable, with interest, five years after date; that the real estate mortgage was duly recorded on June 8, 1922, in book 5, at page 516 of the real estate mortgages of McPherson county; that on March 1, 1927, Libbie S. Corey, mortgagor, entered into an extension agreement in writing with the then owner of the above described note and mortgage, by the terms of which Libbie S. Corey covenanted (in part) that, "In consideration of the extension of the time for the payment thereof (the $1,200 coupon bond secured by the real estate mortgage aforesaid), the undersigned hereby * * * agrees with Clarence F. Kenyon, the present owner of the said note or bond and mortgage deed, or his heirs, administrators, executors, successors or assigns, to pay the principal sum due on said note or bond on the first day of May, 1932, and also the interest thereon at the rate of five per cent. per annum, payable semiannually, during the said term of extension, according to the tenor and effect of the ten extension coupons hereto attached; * * * And all conditions, covenants and agreements contained in said note or bond or mortgage

deed securing the same are hereby continued in force and ratified, except as to the time of payment, and except that the place of payment and rate of interest shall be as stated herein; and this agreement shall bear the same relation to the original note and mortgage and be construed therewith as though its terms had been originally a part thereof."

It also appears that this extension agreement, together with ten extension coupons attached, had been accepted and received by Clarence F. Kenyon, and that all such extension coupons had been duly paid excepting the tenth; that the default alleged consisted of the failure to pay the tenth coupon note in the sum of $30, and the sum of $1,200 due upon the principal note thus extended, together with interest on each instrument from May 1, 1932, as therein provided, together with the defaults by defendants in payment of taxes assessed on the mortgaged premises, which it was charged constituted a breach of the conditions of said mortgage extended, and entitled the plaintiff to a decree of foreclosure and sale as prayed. The petition also alleges that this extension agreement was filed for record in the office of the county recorder of McPherson county, Nebraska, on August 25, 1937, at 9 o'clock a. m., in book 7, at page 465 of the real estate mortgage records of said county, and that on the same day the original mortgage was rerecorded in book 7, at page 463 of the real estate mortgage records of said county. Mesne assignments in writing are properly pleaded, by the terms of which the plaintiff herein became vested with all the rights and interest originally granted by the terms of the original mortgage and all the rights created by the extension in writing hereinbefore referred to. True copies of the original mortgage and coupon bond secured by the same, the written extension thereof, and the several mesne assignments thereof, are all attached to and constitute a part of the petition filed in this case. In addition, it is alleged in this petition that the defendant Libbie S. Corey, by the terms of said real estate mortgage, as party of the first part, covenanted and agreed with the mortgagee, as party of the second part, to

pay all taxes assessed upon the mortgaged premises, including assessment for water rights, "and all taxes or assessments of any nature whatever levied upon this mortgage, or the debt secured by this mortgage, or against said party of the second part, or the owner of said bond, on account of this indebtedness, before the same becomes delinquent." By the terms of said mortgage it was further agreed by said Libbie S. Corey that the mortgagee therein named, as party of the second part, its successors or assigns, "may pay said taxes and assessments for water rights, redeem said premises from tax sale * * * on failure of the party of the first part to do so, and all moneys so advanced, with interest at the rate of ten per cent. per annum thereon, shall be repaid by said party of the first part and be secured by this indenture."

The petition also alleged "that said defendants have also failed and neglected to pay the taxes regularly and lawfully assessed against said mortgaged premises for the years 1931, 1932, 1933, 1934, 1935 and 1936, and have suffered the same to become delinquent and the county treasurer of said McPherson county, Nebraska, regularly and lawfully advertised said premises for sale for said taxes and sold the same according to law, and on the 4th day of November, 1937, plaintiff herein was forced to redeem said mortgaged premises from said tax sale for the above mentioned taxes and in order to do so was required to pay to said county treasurer of McPherson county, Nebraska, the sum of $183.15;" and in effect that there is due plaintiff upon the taxes thus paid, satisfied and discharged the sum of $183.15 with interest at 10 per cent. per annum from November 4, 1937, which is a lien on the mortgaged premises to be satisfied by the foreclosure and sale thereof.

It also appears that on December 18, 1937, at 4 o'clock p. m., there was filed in the office of the county clerk of McPherson county a *lis pendens* in due form, giving notice of the pendency of the above entitled action. It also is disclosed that an alias summons for John B. Newburn was issued by the clerk of the district court for McPherson

county to the sheriff of Logan county, Nebraska, in the present action on January 12, 1938, and by that officer served on such Newburn on January 15, 1938. So far as disclosed by the transcript, no amendment to plaintiff's petition was made in reference thereto.

To this petition the defendant Libbie S. Corey, on February 5, 1938, filed a general demurrer, as to which no ruling appears to have been made by the district court.

On July 14, 1938, the record discloses that, by stipulation of the parties, "the motion of the defendant Libbie S. Corey and the demurrer of the defendant John B. Newburn" were heard by the court and judgment entered finding the motion of Libbie S. Corey had been "satisfied," and the demurrer of John B. Newburn was "overruled," and defendants granted 30 days in which to answer. But neither the "motion" of defendant Corey nor the "demurrer" of John B. Newburn appear in the transcript. Thereafter on September 12, 1938, defendants Newburn and Corey filed their separate answers. To these answers separate replies were filed by the plaintiff.

On the issues thus joined, a trial of the merits of this cause was had in the district court for McPherson county. On the 13th day of October, 1938, the district court found and adjudged that, upon consideration of the pleadings and process, "due and legal service has been had upon all of the defendants and that all of said defendants have appeared and answered;" and "finds generally in favor of the plaintiff and against each and all of the defendants;" and thereupon entered a decree of foreclosure and sale as prayed for by plaintiff. Defendants Libbie S. Corey and John B. Newburn appeal.

The evidence in the record fully sustains the allegations of the petition, and clearly establishes that defendant Libbie S. Corey was the owner in fee simple of the mortgaged premises on the date this action was instituted and the *lis pendens* filed. Waiving consideration of all questions of pleading involved, the essentials of defendant Corey's defense are that plaintiff's action is barred by section 20-202,

Comp. St. 1929. The applicable provision of that statute is, viz.:

"At the expiration of ten years from the date the cause of action accrues on any mortgage as is herein provided, such mortgage shall be presumed to have been paid, and the mortgage and the record thereof shall cease to be notice of the mortgage as unpaid and the lien thereof shall then cease absolutely as to subsequent purchasers and encumbrancers for value; said period of ten years shall not be extended by nonresidence, legal disability, partial payment, or acknowledgment of debt."

This statutory provision is remedial in character.

In *Steeves v. Nispel*, 132 Neb. 597, 606-609, 273 N. W. 50, it is stated:

" 'In construing a remedial statute three things must be considered, viz.: The old law, the mischief, and the remedy.' *Clother v. Maher*, 15 Neb. 1, 16 N. W. 902. See, also, *Harmon v. City of Omaha*, 17 Neb. 548, 23 N. W. 503.

"But, 'In order to ascertain the proper meaning of a statute, later as well as earlier legislation upon the same subject may be referred to. All existing acts should be considered, and a subsequent statute may often aid in the interpretation of a prior one.' *Campbell v. Youngson*, 80 Neb. 322, 114 N. W. 415.

"So too, all statutes *in pari materia* must be taken together and construed as if they were one law, and, if possible, effect be given to every provision. *Hendrix v. Rieman*, 6 Neb. 516; *State v. Babcock*, 21 Neb. 599, 33 N. W. 247; *Dawson County v. Clark*, 58 Neb. 756, 79 N. W. 822; *Chicago, R. I. & P. R. Co. v. Zernecke*, 59 Neb. 689, 82 N. W. 26; *Logan County v. Carnahan*, 66 Neb. 685, 95 N. W. 812; *State v. Royse*, 71 Neb. 1, 98 N. W. 459; *State v. Omaha Elevator Co.*, 75 Neb. 637, 106 N. W. 979.

"Previous to April 1, 1925, the limitation prescribed for civil actions of this nature was: 'An action for the recovery of the title or possession of lands, tenements or hereditaments, or for the foreclosure of mortgages thereof, can only be brought within ten years after the cause of action

shall have accrued.' Comp. St. 1922, sec. 8507. In this connection, section 20-216, Comp. St. 1929, which has been retained unchanged since 1866, provides: 'In any cause founded on contract, when any part of the principal or interest shall have been voluntarily paid, or an acknowledgment of an existing liability, debt, or claim, or any promise to pay the same shall have been made in writing an action may be brought in such case within the period prescribed for the same, after such payment, acknowledgment, or promise.' These two sections were before this court in *Teegarden v. Burton,* 62 Neb. 639, 87 N. W. 337, and the following principles were there announced:

" 'In determining the period of limitation in an action to foreclose a real estate mortgage given for the security of a promissory note, section 6 of the Code of Civil Procedure (now section 20-202, Comp. St. 1929) should be construed in connection with section 22 of such Code (now section 20-216, Comp. St. 1929).'

"And, 'Where, after the maturity of a note secured by a real estate mortgage, interest payments are made annually on such note, a right of action accrues on the mortgage at any time within ten years after the date of the last payment on said note.'

"See, also, *Gillilan v. Fletcher,* 80 Neb. 237, 114 N. W. 161; *McLaughlin v. Senne,* 78 Neb. 631, 111 N. W. 377.

"In *McLaughlin v. Senne, supra,* the additional principle was also approved, viz.: 'Ordinarily the owner of the equity of redemption has authority to bind the property by such payment, and a payment by him on the mortgage debt before the statute has run is binding on the property, and tolls the statute as against a subsequent mortgagee with notice of the prior mortgage.' * * *

"But we are here concerned with a written extension agreement (made by the defendant), the terms of which constitute a promise to pay the indebtedness secured and evidenced by the note and mortgage in suit. The language of the 1925 amendment obviously does not include it, nor are the terms employed by this legislation repugnant to

that portion of section 20-216, Comp. St. 1929, which, in effect, provides: 'In any cause founded on contract, when * * * (as to) an existing liability, debt, or claim, * * * any promise to pay the same shall have been made in writing an action may be brought in such case within the period prescribed for the same, after such * * * promise.'"

But the language of section 20-202, Comp. St. 1929, hereinbefore quoted, construed as authorities heretofore cited require, is necessarily limited in its application to "subsequent purchasers and encumbrancers for value." The defendant Corey, during the entire period covered by the transaction down to the time of the commencement of the suit, has been continuously the owner in fee of the mortgaged premises, or, as sometimes stated, the owner of the equity of redemption. As such, she is not a "subsequent purchaser or encumbrancer for value." Therefore, not being within the protection of this statute, the district court properly denied her any relief based thereon. *Steeves v. Nispel*, 132 Neb. 597, 273 N. W. 50; *Bliss v. Redding*, 121 Neb. 69, 236 N. W. 181; *Tynon v. Bliss*, 121 Neb. 80, 236 N. W. 184; *Hatch v. Ely*, 131 Neb. 882, 270 N. W. 480; *Wasson v. Beekman*, 188 Ark. 895, 68 S. W. (2d) 93; *T. A. Hill State Bank of Weimar v. Schindler*, 33 S. W. (2d) (Tex. Civ. App.) 833; *Head v. Oldham Bank & Trust Co.*, 249 Ky. 292, 60 S. W. (2d) 621; *Hastings v. Wise*, 91 Mont. 430, 8 Pac. (2d) 636.

The substantial contentions made by defendant Newburn, as presented by the briefs in his behalf, are based upon section 20-202, Comp. St. 1929. He asserts that thereunder the mortgage and note secured by the same, set forth in the petition, "was outlawed May 1, 1932;" that, therefore, a five-year lease of the mortgaged premises executed by defendant Libbie S. Corey on July 14, 1937, to defendant Newburn, and the quitclaim deed conveying the mortgaged lands to Newburn, signed and acknowledged by Libbie S. Corey on January 14, 1938, were each senior and superior to any rights created by the alleged "outlawed note and mortgage" set forth in plaintiff's petition.

We do not overlook the contention that there is no evidence of valid mesne assignments from Clarence F. Kenyon to the plaintiff. The record wholly fails to sustain this contention. In addition, the original mortgage, notes, extension agreement, and assignments were produced by the plaintiff and received in evidence, all of which fully sustain his claim of ownership. Prior authorization of this sale and transfer by the executors or administrators by a court of competent jurisdiction is not essential to the validity thereof, upon collateral attack. *Edney v. Baum,* 70 Neb. 159, 97 N. W. 252; *Battey v. Battey,* 94 Neb. 729, 144 N. W. 786.

The defendant, relying on the statute of limitations (Comp. St. 1929, sec. 20-202) as the foundation or basis of his defense, was charged with the duty of properly pleading the same.

"The defense of the statute of limitations, if not raised either by demurrer or answer, is waived, and when sought to be raised by answer, in order to preserve the defense, the answer must be good against demurrer." *Scroggin v. National Lumber Co.,* 41 Neb. 195, 59 N. W. 548. See, also, *Taylor v. Courtnay,* 15 Neb. 190, 16 N. W. 842; *Atchison & N. R. Co. v. Miller,* 16 Neb. 661, 21 N. W. 451; *Barnes v. McMurtry,* 29 Neb. 178, 45 N. W. 285; *Alexander v. Meyers,* 33 Neb. 773, 51 N. W. 140; *Dufrene v. Anderson,* 67 Neb. 136, 93 N. W. 139; *Pinkham v. Pinkham,* 61 Neb. 336, 85 N. W. 285; *Central Bridge & Construction Co. v. Chicago & N. W. R. Co.,* 128 Neb. 779, 260 N. W. 172.

The answer of defendant Newburn contains no general denial of the allegations of plaintiff's petition, but is made up of four independent paragraphs. The first two paragraphs are each, in effect, a general demurrer to the petition as an entirety. Without consideration of their sufficiency as general demurrers, it may be said that they set forth no ultimate facts, but challenge the sufficiency of the facts alleged in the petition as an entirety to justify the granting of relief to plaintiff.

Section 20-811, Comp. St. 1929, sets forth the require-

ments of answers under the Civil Code of Nebraska. In the construction of this section we are committed to the rule, viz.:

"A demurrer to the petition is not, by the provisions of our code of practice, a proper part of the answer filed in a case, and should be disregarded." *Fidelity & Deposit Co. v. Parkinson,* 68 Neb. 319, 94 N. W. 120. See, also, *Damicus v. Kelly,* 120 Neb. 588, 234 N. W. 416; *City of Schuyler v. Verba,* 120 Neb. 729, 235 N. W. 341.

"The sufficiency of a petition cannot be raised by incorporating a demurrer in the answer." *Peterson v. Wahlquist,* 125 Neb. 247, 249 N. W. 678.

The third paragraph of this answer includes an attack on the validity of the mesne assignments by which the plaintiff became vested with the ownership of the instruments in suit. This matter we have already considered and determined adversely to the appellants.

In the fourth paragraph of this answer there is set forth that, after said note and mortgage were outlawed "and while this said defendant was in possession of said section 34 with a lease therefor, this said defendant entered into a five-year farm lease dated the 14th day of July, 1937, extending said lease from the 1st day of May, 1937, to the 1st day of May, 1942," duly executed and acknowledged by defendant Corey; that defendant also purchased said land from defendant Corey who conveyed the same to him by quitclaim deed dated the 14th day of January, 1938, which conveyed "all of said land and the title thereto to the said defendant John B. Newburn," and further alleges, in effect, that the rights and title created and vested in said Newburn "is superior to any claim or lien of the said plaintiff in this foreclosure suit." It is obvious, therefore, from a careful reading of the fourth paragraph of defendant's answer that the defense of the statute of limitations is not in any manner raised therein. Where an answer seeks to avoid the operation of the statute of limitations, it must set forth by distinct averments the facts relied upon. In the instant case, there was no compliance with this Code

requirement, neither does the bill of exceptions disclose any objection to the introduction of evidence on that ground or that the facts alleged were insufficient to constitute a cause of action. In the review of a case, the statute of limitations will not be regarded as a defense unless pleaded or otherwise relied on in the trial court.

It will be remembered that this suit was instituted and commenced on December 18, 1937, and on the same day a proper notice of *lis pendens* was duly filed, indexed, and recorded in the office of the county clerk of McPherson county wherein the premises in suit are situated. An alias summons, bearing date of January 12, 1938, was personally served on defendant Newburn in Logan county on January 15, 1938. Defendant Newburn is claiming title to the premises in suit by virtue of a quitclaim deed (exhibit N), signed and acknowledged by Libbie S. Corey before a notary public in Los Angeles county, California, on January 14, 1938. Thereafter this deed was transmitted to defendant Newburn at Stapleton, Logan county, Nebraska, by air mail, and recorded in McPherson county on February 5, 1938. Newburn does not testify as to when the deed was actually received by him. As to the consideration paid therefor, he testifies, viz.: "Q. What consideration did you pay for the land involved in the quitclaim deed, in 'exhibit N' from Libbie S. Corey? A. I paid $5 at the time I received the deed, and I was to pay $50 a year as long as the lease I had on the land ran, which I believe was three years more, if I remember right, and after that I was to pay her $50 a year as long as she lived. That wasn't in the lease, that was in letters I had in the correspondence which we had with them."

It may be said that the issuance and service of the alias summons in the instant case upon defendant Newburn was wholly unnecessary. Section 20-531, Comp. St. 1929 provides in part, viz.:

"From the time of filing such notice (*lis pendens*) the pendency of such action shall be constructive notice to any purchaser or encumbrancer to be affected thereby, and

every person whose conveyance or encumbrance is subsequently executed or subsequently recorded shall be deemed to be a subsequent purchaser or encumbrancer, and shall be bound by all proceedings taken in said action after the filing of such notice to the same extent as if he were made a party to the action." See *Johnson v. Olson,* 132 Neb. 778, 273 N. W. 201.

We are committed to the doctrine, viz.: "The purpose of the rule as to *lis pendens* is to prevent third persons, during the pendency of the litigation, from acquiring interests in land which would preclude the court from granting the relief sought." *Merrill v. Wright,* 65 Neb. 794, 91 N. W. 697. See, also, *First Nat. Bank v. Young,* 124 Neb. 598, 247 N. W. 586; *Lincoln Rapid Transit Co. v. Rundle,* 34 Neb. 559, 52 N. W. 563; *Gwynne v. Goldware,* 102 Neb. 260, 166 N. W. 625.

"The alienee of the property in litigation cannot establish himself by means of the statute of limitations." 17 R. C. L. 1032, sec. 29.

"In a legal sense the term (*lis pendens*) is equivalent to the maxim that pending the suit nothing should be changed (pendente lite nihil innovetur) ; and the doctrine of *lis pendens* is that one who acquires any interest in property during the pendency of litigation respecting such property from a party to the litigation takes subject to the decree of judgment in such litigation and is bound by it." 18 Standard Ency. of Procedure, 1087. See, also, 38 C. J. 49.

If an alienee, subject to *lis pendens,* becomes a party to the action, he may be entitled to question plaintiff's right to recover in the same manner as the original defendant. Such party, however, occupies the same position as the original defendant and is entitled to no greater rights of defense. 38 C. J. 64.

It follows that as to all claims of the defendant Newburn based upon or arising out of the quitclaim deed which was obtained, executed and delivered after the commencement of the suit against the defendant Corey and the filing of notice of *lis pendens* therein, the same are subordinated to

the proceeding and determined by the judgment entered herein against said defendant Corey.

For the reasons hereinbefore set forth, the judgment entered by the district court is correct, and it is

AFFIRMED.