JOHN A. WAKEFIELD, APPELLEE, v. WILLIAM LATEY ET AL., IMPLEADED WITH W. B. MILLARD, APPELLANT.

FILED FEBRUARY 7, 1894.   No. 4602.

1. **Mechanics' Liens:** ACCOUNT: REGISTRATION. The object of the mechanics' lien statute, which requires a lien claimant to file in the office of the register of deeds "an account in writing of the items" of material for which he claims a lien against real estate, is to apprise persons dealing with it of the claims against the same.

2. ———: ———. Section 3, chapter 54, Compiled Statutes, 1893, mechanics' lien law, requires a lien claimant to make oath to the "account in writing" of the items for which he claims a

Wakefield v. Latey.

lien, but does not require him to state in such oath all the facts which he would be required to plead and prove in order to establish his lien by a decree of a court of equity.

3. The "account of items" and the oath or affidavit attached thereto should both be looked to and read as one instrument to determine whether a lien claimant has brought himself fairly within the provisions of the mechanics' lien law.

4. Mechanics' Liens: STATEMENT OF CLAIM: CONSTRUCTION. Whether a verified "account of items" filed for record shows on its face sufficient to entitle it to be asserted of record as a lien against the real estate of another, and made the basis of a suit in equity to foreclose such lien, is a question of law to be determined from the instrument itself.

5. ———: ———. Whether a lien claimant has performed such acts, and performed them under and in pursuance of such conditions and in such time and manner as to entitle him to a decree establishing his lien, are mixed questions of law and fact.

6 ———: PROOF. A lien claimant cannot prove his compliance with any of the requirements of the mechanics' lien law by the "lien," so called, itself, save the filing thereof and the oath thereto.

7. ———: SINGLE LIEN AGAINST SEVERAL BUILDINGS. A lumber merchant, in pursuance of a single contract with the owner of two separate lots, furnished him material for the erection of three houses thereon. *Held*, That the lumber merchant was entitled to enforce a single lien against all the houses and lots for the balance due him for material furnished by him under his contract with the owner.

8. ———: ACCOUNT OF ITEMS: FAILURE TO STATE OWNER OF REALTY. In a verified "account of items" of material filed, and for which a lien was claimed against certain real estate under the mechanics' lien law, neither in such account nor the affidavit attached thereto was it stated who was the owner of the real estate, nor that the contract for the material was made with the real estate owner or his agent. *Held*, That such omissions were not fatal to the lien.

APPEAL from the district court of Douglas county. Heard below before WAKELEY, J.

The facts are stated in the opinion.

*Hall, McCulloch & English,* for appellant:

The affidavit did not conform to the statute. (*Hays v. Mercier,* 22 Neb., 661.)

A joint lien cannot be had, when, as in this case, the houses are separate and distinct. The statute is not complied with by filing a joint lien, and hence no lien attaches. (Phillips, Mechanics' Liens, sec. 376; *Kezartee v. Marks,* 15 Ore., 529; *Culver v. Elwell,* 73 Ill., 536; *Fitzpatrick v. Thomas,* 61 Mo., 512; *Chapin v. Perssee & Brooks Paper Works,* 30 Conn., 461; *Hill v. Braden,* 54 Ind., 72; *Morris County Bank v. Rockaway Mfg. Co.,* 16 N. J. Eq., 150; *Hill v. Ryan,* 54 Ind., 118; *Goepp v. Gartiser,* 35 Pa. St., 130; *James v. Hambleton,* 42 Ill., 308; *Ballou v. Black,* 17 Neb., 395.)

*Montgomery, Charlton & Hall, contra:*

The contract for the erection of the buildings was entire. No separate account was kept or required as to any house, or any particular part of the lots. The lien therefore attached. (*Doolittle v. Plenz,* 16 Neb., 156.)

RAGAN, C.

John A. Wakefield brought suit in the district court of Douglas county to foreclose a lien against lots one and two in block six, Denise's addition to the city of Omaha, for material which he alleges he furnished to construct some dwelling houses on said lots. William Latey and William V. Benson were made defendants, as it is alleged the material was furnished to them, they owning the lots at the time, and W. B. Millard was made defendant, as he owned the lots when this suit was brought. The district court by its decree gave Wakefield a lien on the lots, and Millard brings the case here on appeal.

Counsel for appellant, for a reversal of this decree, make the following points:

1. That the affidavit attached to the "account of items," mechanic's lien, is insufficient. The affidavit is as follows:

"STATE OF NEBRASKA, } ss.
   DOUGLAS COUNTY. }

"John A. Wakefield, being first duly sworn, on his oath says that the foregoing itemized account of materials is a true and correct account of materials furnished by this affiant for the said —— under a verbal contract for said materials for the erection of the houses upon said land as dwellings on the following described lots, piece, or parcel of land, viz.: Lots one and two, block six, Denise's addition to the city of Omaha; and this affiant further says that he has, and hereby claims, a lien on said premises for the full amount of his said account, to-wit, the sum of $1,922.93, together with interest thereon at the rate of ten per cent per annum from the 17th day of September, A. D. 1887. And further affiant says not.

"JOHN A. WAKEFIELD."

It will be observed that the lien claimant in this affidavit does not state the name of the person with whom he contracted to furnish the material mentioned in the account, nor does he state the name of the real estate owner; and it is for these reasons that counsel claim the affidavit is insufficient. The "account of items," to which this affidavit is attached, is headed: "Omaha, Nebraska, January 20, 1888. John A. Wakefield, wholesale and retail lumber and building materials. Sold to Latey & Benson. Ten per cent interest charged after maturity." Then follows the dates and items and price of the material. Then the following: "Omaha, Nebraska, January 20, 1888. William Latey *et al.*, Latey & Benson, Esq., To John A. Wakefield, Dr. To merchandise for three houses, bills sold August 17, 1887, as per itemized bill attached."

The "account of items" and affidavit attached to the same should be both looked to and read as one instrument, and when this is done, it appears that in pursuance of a

verbal contract of June 17, 1887, Wakefield sold the material for which he claims a lien to Latey & Benson for the erection of the houses on the real estate described in the affidavit. We think this a sufficient compliance with the statute. It is true that to enable a material-man to have established, by decree of a court of equity, a lien against real estate for material furnished for an improvement thereon, he must plead and prove that he furnished material for the purposes of an improvement on said real estate; that he furnished such material in pursuance of a contract, express or implied, made with the real estate owner or his agent; that within four months of the date of the furnishing of the last item of such material, he made an account in writing of the items thereof, made oath thereto, and filed the same in the office of the register of deeds; but these are matters of pleading and evidence in a suit to establish the lien claimed.

Section 3, chapter 54, Compiled Statutes, 1893, provides: "Any person entitled to a lien under this chapter shall make an account in writing  *  *  *  of the material furnished,  *  *  *  and after making oath thereto, shall," etc. But this section does not require the lien claimant to state in such oath all the facts he would be required to plead in a suit to foreclose his alleged lien. The object, however, in requiring a lien claimant to file in the office of the register of deeds "an account of the items" of material for which he claims a lien against real estate, is to apprise persons dealing with it of the claims against the same; and this statute is complied with if it appear or is fairly inferable from the "account of items" and oath or affidavit thereto, when read together, that the claimant has brought himself within the provisions of the statute. Whether a verified "account of items" filed shows on its face sufficient facts to entitle it to be asserted of record as a lien against the owners of real estate, and a suit in equity to foreclose the lien claimed to be based thereon, is a juris-

23

dictional question of law to be determined from an inspection of the instrument itself; but whether the lien claimant has performed such acts, and performed them under and in pursuance of such conditions and in such form and manner as to entitle him to a decree establishing his lien under the statute, are mixed questions of law and fact. The lien claimant cannot, however, prove his compliance with any requirement of the statute by the mechanic's lien (the verified account of items) itself, save the filing thereof and the making oath thereto. The first point made by appellant must be overruled.

2. The verified "account of items" was filed against Latey & Benson, and the evidence shows that the real estate, at the time they purchased the material and made the improvements, stood of record in the name of William Latey and William V. Benson, individuals composing the copartnership of Latey & Benson. Appellant's counsel insist that this state of facts made the firm of Latey & Benson subcontractors, and they have no lien because they did not make and file in the office of the register of deeds a sworn statement of the amount due them from their principals within sixty days, etc. The answer to this is that the evidence shows that the real estate was, at the time Latey & Benson made the contract with Wakefield for the material, and during the erection of the improvements for which the material was purchased, the property of the copartnership of Latey & Benson.

3. The verified "account of items" was filed January 20, 1888, and the last item claimed by Wakefield to have been furnished Latey & Benson under the contract is dated September 27, 1887. This item is made up of eight doors and 250 feet of "4370 lumber" (moulding). Counsel insist somewhat vehemently that there is in the record no competent evidence showing that the material called for by this item of September 22, 1887, was furnished by Wakefield to Latey & Benson under the contract in this case, and

used by them in the erection of the improvements for which Wakefield claims a lien.    Counsel are mistaken.    There is in the record competent evidence justifying the finding of the trial court that the material mentioned in the item of September 22, 1887, was by Wakefield furnished to Latey & Benson under the contract between them, and there is positive evidence identifying some of the doors in the out-houses or sheds on the premises as the doors mentioned in the item.    Counsel say, however, that the contract between Wakefield and Latey & Benson was for lumber for dwell-ings, and if these doors were used in the outhouses or sheds on the same premises on which the dwellings were erected, they cannot be included in the lien here.    The contract was for material for the erection of three dwellings on the two lots, and the evidence shows all this material was delivered under the one contract.    It would be a technical and nar-row construction of the statute to say that under a contract for material for the construction of a dwelling a part of the lumber delivered under the contract, because used in building an outhouse or shed on the premises instead of the dwelling proper, could not be included in the "account of items."    But if the doors be excluded from the 22d of September item, the evidence supports the finding that the moulding, at least, was delivered to Latey & Benson for, and used by them in, the dwelling proper.    This disposes of appellant's third point.

4. Latey & Benson erected on the two lots three houses, designated in the evidence as Nos. 25, 26, and 27.    These houses were all built at the same time.    The material for all was furnished by Wakefield under one contract made with Latey & Benson.    The houses were to be alike, and the ma-terial for each was to be the same.    No separate account of the material furnished by Wakefield under his contract for their erection was kept, and such extra material as was used in the finishing of all three was furnished by Wakefield and charged to the account of Latey & Benson under their

contract for material for the three houses. Counsel for appellant say : "A joint lien cannot be had when, as in this case, the houses are separate and distinct. The statute is not complied with by filing a joint lien, and hence no lien attaches." In *Doolittle v. Plenz*, 16 Neb., 153, it is said : "Where A agreed to erect and did erect three houses for B, one upon each of three adjoining lots, for an entire sum, held, that a mechanic's lien attached to all the lots and the buildings thereon."

5. It appears from the evidence that Latey & Benson, on November 3, 1887, paid Wakefield $2,000, which sum Wakefield gave Latey & Benson credit for on an old account they owed him. Appellant insists that this $2,000 was money he paid to Latey & Benson as purchase price for the real estate in controversy here, and that Wakefield should be compelled to credit his claim here against Latey & Benson with that sum. We cannot say the trial court was wrong in refusing to do this. The evidence shows that at the time Wakefield received the $2,000 from Latey & Benson, they owed him large sums on old accounts and they gave him no directions and made no requests as to the account on which it should be applied. "Money paid by a debtor, without direction as to its application, may be applied by the creditor as he pleases." When appellant purchased these lots from Latey & Benson, the lien in suit was of record; and if he chose to pay over the purchase price and assume the risks of defeating the lien, he has no one to blame but himself and certainly is in no position to ask a court of equity to compel another to bear a loss he might have avoided by the exercise of a little foresight and business sagacity.

The decree appealed from is correct and in all things

AFFIRMED.