WILLIAM D. WAY v. JOSEPH J. CAMERON ET AL., APPELLANTS; F. C. PHILLIPS COMPANY, APPELLEE.

FILED DECEMBER 4, 1913. No. 17,411.

1. Mechanics' Liens: NOTICE: SURPLUSAGE. A recital in a notice of a mechanic's lien, filed by a subcontractor, that the materials furnished were furnished for the owner of the property under a contract, is an unnecessary recital and will be treated as surplusage.

2. ————: DESCRIPTION OF PROPERTY. "In an affidavit for a mechanic's lien, if there appear enough in the description to enable a party familiar with the locality to identify the premises intended to be described with reasonable certainty, it will be sufficient." *Guiou v. Ryckman*, 77 Neb. 833.

3. Mechanics' Lien Law: CONSTRUCTION. The object of the mechanics' lien law being to secure the claim of those who have contributed to the erection of a building, it should receive the most liberal construction to give full effect to its provisions.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Affirmed.*

*T. J. Doyle* and *G. L. De Lacy,* for appellants.

*Charles S. Roe, contra.*

FAWCETT, J.

This suit was originally commenced in the district court for Lancaster county by one William D. Way against Otto D. and Minnie Helming, owners of the property in controversy, Joseph J. Cameron, the contractor who erected a dwelling-house on the property, and various subcontractors and materialmen, including F. C. Phillips Company, a subcontractor, to foreclose a mechanic's lien on lots 11 and 12, block 25, Dawson's addition to South Lincoln, Nebraska. At the time of the trial all of the mechanics' liens except those of F. C. Phillips Company had been paid or discharged of record, including that of the plaintiff Way. The case proceeded to trial upon the cross-petition of F. C. Phillips Company, whom we will style plaintiff, against the Helmings, whom we will style defendants, and the property above described. There was a decree for plaintiff, and defendants appeal.

The first contention of defendants is that the lien filed by plaintiff "was insufficient in law to give a lien against the property." The lien filed was as follows: "Lincoln, Nebraska, Apr. 29, 1910. O. D. Helming, Esq., to F. C. Phillips Co. Dr." Here follow items constituting plaintiff's claim. The affidavit attached recites: "G. H. Giesler being first duly sworn on his oath says that the foregoing itemized account of work, labor, skill, and materials, is a true and correct account of the work, labor, skill, and materials done and performed and furnished by this affiant for the said O. D. Helming under a contract for installation of plumbing on the following described lot, piece, or parcel of land, viz.: Lots 11 & 12, block 25, between 10th & 11th and Pine & Rose street. And this affiant further says that he has, and hereby claims, a lien on the said premises for the amount of his said account, to wit: The sum of $275, together with interest thereon

at the rate of 7 per cent. per annum from the twenty-ninth day of April, A. D. 1910, and further affiant says not. F. C. Phillips Co., by G. H. Giesler, Sec'y. Subscribed in my presence and sworn to before me this 29 day of April, A. D. 1910. John Giesler, Notary Public. (Seal.)"

It is said in the argument that the contractor's name is not mentioned, and that the statement claims a contract with O. D. Helming, the owner of the property; and it is argued that plaintiff had in fact filed a claim under section 7100, Ann. St. 1911, and was attempting to foreclose under section 7101. The fact that plaintiff in the notice of lien filed entitled it "O. D. Helming, Esq., to F. C. Phillips Co. Dr.," and that in the affidavit attached to such notice it is said that the materials were furnished "for the said O. D. Helming under a contract," is insufficient to destroy the force of the paper as a lien. As early as *Marrener v. Paxton*, 17 Neb. 634, we said: "We have no doubt that in a proper case, one furnishing materials in good faith for the erection of a building under an agreement with a contractor for that purpose, may file a mechanic's lien upon the structure and the lots on which it stands. The lien is given, however, not upon the ground that a contract was made by the owner with such subcontractor, but because the material so furnished was used in the erection of the building. The furnishing of the material is notice to the owner of the rights of the party, and until the time for filing a lien has expired, he is directly liable to such party for the value of the same." In *Garlichs v. Donnelly*, 42 Neb. 57, we held: "It is not necessary to the sworn statement and claim of lien required to be filed by subcontractors that there should be attached thereto a copy of the written contract under the terms of which the rights of such subcontractor have accrued; neither is it necessary that the ownership of the property benefited should be set forth therein." The recital in the notice of lien, that the materials furnished were "for the said O. D. Helming under a contract," was an unnecessary recital and should be treated as mere surplusage.

Way v. Cameron.

It is further said that the description of the property in the lien was not sufficient. The description in the affidavit attached to the notice of lien gives the property as "Lots 11 & 12, block 25, between 10th & 11th and Pine & Rose street." The technically correct description of the property is lots 11 and 12, in block 25, Dawson's addition to South Lincoln. The building erected was at the northwest corner of Eleventh and Rose streets. This description, together with the fact that, at the time plaintiff furnished the plumbing, fixtures and material, Mr. and Mrs. Helming both went to plaintiff's place of business and looked at the fixtures, decided what they wanted and made changes, and that the extras were selected by Mrs. Helming, shows very clearly that defendants were in no manner misled by the description given in the notice. In *Guiou v. Ryckman*, 77 Neb. 833, we held: "In an affidavit for a mechanic's lien, if there appear enough in the description to enable a party familiar with the locality to identify the premises intended to be described with reasonable certainty, it will be sufficient." We think the description of the property in the notice of lien was sufficient.

We deem it unnecessary to pursue the matter further. The defenses sought to be interposed are too technical to be permitted to prevail. In *Rogers v. Omaha Hotel Co.*, 4 Neb. 54, speaking through Mr. Justice MAXWELL, it is said: "The object of the law under consideration being to secure the claim of those who have contributed to the erection of a building, it should receive the most liberal construction to give full effect to its provisions." This language is quoted with approval in *Henry & Coatsworth Co. v. Fisherdick*, 37 Neb. 207, 221.

The judgment of the district court is

AFFIRMED.

BARNES, LETTON and ROSE, JJ., not sitting.