FRANK PANEBIANCO, APPELLEE, v. THE CITY OF OMAHA, NEBRASKA, A MUNICIPAL CORPORATION, ET AL., APPELLANTS.
37 N. W. 2d 731

Filed June 3, 1949. No. 32617.

Edward F. Fogarty, Edward Sklenicka, James M. Paxson, and Herbert M. Fitle, for appellants.

*Fitzgerald & Smith,* for appellee.

Heàrd before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is a class action instituted by plaintiff in his own behalf and in behalf of all others in the city of Omaha, Nebraska, similarly situated, against the said city of Omaha, its mayor, its city councilmen, its chief of police, and its city clerk to have declared null and void and of no effect certain provisions of the city ordinances and for an injunction against the enforcement of the provisions in question.

To the petition which was filed by plaintiff the defendants filed a general demurrer. The demurrer was overruled. The defendants elected to stand on their demurrer whereupon default was entered against them and a decree was rendered permanently enjoining them from in any manner enforcing, or attempting to enforce, the provisions of the ordinance concerning which complaint was made. From the decree the defendants have appealed.

The provisions of the ordinance having pertinence to the inquiry here are the following:

"* * *, it shall be unlawful, on and after January 1, 1948, for any person or persons, firm, corporation, or association to * * * cut or bridge any curbing on or adjacent to any street, between Leavenworth Street and Cuming Street and 10th Street and 24th Street, all inclusive, for ingress or egress, * * * thereby rendering the street adjacent thereto unavailable for vehicular parking purpose, without first obtaining a permit in accordance with the terms and conditions hereinafter stated, * * *."

"No permit shall be issued except to * * * the leaseholders, tenants or record owners of the land adjacent to the space sought to be used. No permit shall be issued until the same has been authorized by resolution of the City Council. Once a permit has been authorized by the

City Council, same may be renewed, unless it has been revoked, or suspended, by paying the yearly permit fee."

"For the purpose of defraying the cost to the City of regulating, supervising, policing, marking and maintaining the use or privilege of * * * curb cuts, in, along, or upon the streets, there is hereby imposed an annual fee in the amount of $1.00 per front foot so used. * * * *Provided,* * * * however, that no fee shall·be charged for the first fifteen (15) feet that may be needed for a driveway as a means of ingress or egress to any property."

"The City of Omaha reserves the right to refuse an application when, in the judgment of the City Council, such permit would create a traffic hazard or not be beneficial to the public welfare."

"The City of Omaha reserves the right to cancel any permit at any time."

"Any person or persons, firm, corporation, or association violating any provisions of this Article, upon conviction thereof, shall be fined in any amount not to exceed Two Hundred Dollars ($200.00) and each day of violation shall constitute a separate offense."

This ordinance purports to control within the area named also the use of space upon streets for loading and unloading but that subject is not embraced in the petition herein and the validity of the ordinance in that respect is not involved here.

The plaintiff has set forth in his petition that he is the owner of Lot 8, Block 2, Kountze and Ruth Addition to the city of Omaha, which property is located on the northwest corner of 17th and Jackson Streets in the city of Omaha, and within the area described in the ordinance; that on the property he operates a filling station, parking lot, and attendant and related activities and that in the conduct of his busines for ingress and egress of customers he requires at least 100 feet of lowered curb; that unless restrained the defendants will enforce this ordinance against him to his damage and to the damage of his business; and that a large number of other persons within

the described area are in a similar situation to that of the plaintiff.

He alleged that the ordinance is null, void, and invalid for the following reasons:

That the city council was without lawful power to require the plaintiff and the others similarly situated to do the things and make the payments required by the ordinance.

That the city council is without power to pass a valid ordinance levying a charge or tax upon persons or property within a part of the city of Omaha.

That the ordinance is violative of Article I, section 1, of the Constitution of Nebraska, in that it denies plaintiff the protection of his property.

That the ordinance is violative of Article I, section 3, of the Constitution of Nebraska, in that it deprives plaintiff of his property without due process of law.

That the ordinance is violative of Article I, section 21, of the Constitution of Nebraska, in that it takes plaintiff's property for a public use without just compensation.

That the ordinance is violative of Article I, section 25, of the Constitution of Nebraska, in that it discriminates against plaintiff in respect to ownership, possession, and enjoyment of his property.

That the ordinance is violative of Article VIII, section 1, of the Constitution of Nebraska, in that it does not purport to raise revenue as the Legislature directs and that it operates without uniformity and disproportionately upon property within the city.

That the ordinance is violative of the Fifth Amendment to the Constitution of the United States in that it deprives the plaintiff of property without due process of law and without just compensation.

That the ordinance is violative of the Fourteenth Amendment to the Constitution of the United States in that it abridges the privileges and immunities of plaintiff as a citizen of the United States and deprives him of his

property without due process of law and also denies him equal protection of the laws.

The declarations of the plaintiff as contained in his petition are that the exactions of the defendants pursuant to the ordinance were that as a condition of having ingress to and egress from his property he was required, on application, to be granted and receive a permit for such use; that use of more than 15 feet could not be had without payment of $1 a year for each additional foot; that the city is left free to grant or reject any such application; that the city is left free to cancel any such permit at any time; that the ordinance imposed a penalty in its nature criminal for a violation of the imposed regulation upon the right of plaintiff to ingress to and egress from his own property, all of which are illegal for the reasons stated.

It should be emphasized here, we think, that this case has come here on the petition of the plaintiff generally demurred to by the defendants which demurrer was overruled. There is no traverse of any fact alleged. Thus every fact well pleaded must be taken as true. In People v. Weston, 3 Neb. 312, it was said: "A party who stands upon his general demurrer to a pleading, thereby admits the material facts averred, and must take all the consequences which result from such admission." This pronouncement was approved in McArthur v. Clarke Drug Co., 48 Neb. 899, 67 N. W. 861, and in Central Nebraska Public Power and Irrigation District v. Walston, 140 Neb. 190, 299 N. W. 609.

This is a matter of much importance in an approach to the determination of the matters presented. This failure of traverse left the district court and leaves this court without adequate information upon which to make a safe determination of all of the legal questions tendered by the petition.

It is earnestly urged by the appellants that this ordinance was a proper exercise of that phase of the police power which permits the effect of an ordinance to be

limited to particular areas on account of peculiar conditions therein. The principle contended for is basicly sound.

However, because of the record presented, it can have no application here. The principle cannot be employed in the absence of presumption or pleaded facts sufficient to give it application.

It is observable that the ordinance fails to declare a reason for a limitation of its effect to the area described therein, and the petition in substance and effect declares that it is without valid reason, therefore for the purposes of this case, since there was no traverse, it must be taken as true that there was no valid reason for the limitation.

It follows therefore, on the record, that by this ordinance burdens were imposed upon plaintiff and others similarly situated which were not imposed on those outside the defined area without necessity therefor.

There is no doubt that under police power a city may promulgate police regulations affecting and amounting to restrictions upon the use of property within certain areas of a city without such restrictions affecting all other areas if such regulations are reasonably in the interest of the public welfare. Miller v. Board of Public Works, 195 Cal. 477, 234 P. 381, 38 A. L. R. 1479; Jardine v. Pasadena, 199 Cal. 64, 248 P. 225, 48 A. L. R. 509; Williams v. City of Chicago, 266 Ill. 267, 107 N. E. 599, Ann. Cas. 1916B 514; Goldman v. Crowther, 147 Md. 282, 128 A. 50, 38 A. L. R. 1455; Marrs v. City of Oxford, 32 F. 2d 134, 67 A. L. R. 1336; 37 Am. Jur., Municipal Corporations, § 286, p. 920; 58 Am. Jur., Zoning, § 1, p. 940.

It is also true that in the absence of anything appearing to the contrary a presumption obtains that such restrictions are reasonably in the interest of the public welfare. In Marrs v. City of Oxford, *supra*, speaking of the power to regulate, it was said: "Arbitrary and unreasonable regulations, clearly ineffective in accomplishment of the claimed public interest, will be stayed; but the presumption is in favor of a law or ordinance passed

in the exercise of the power, until the contrary is shown."

The presumption of reasonableness in the interest of the public welfare however does not obtain in the face of a factual declaration by a party affected that it is not and a legal admission of the truth of the factual declaration in the pleading of the enacting body as is the case here. In the words of the opinion in Marrs v. City of Oxford, *supra,* by the record presented here "the contrary is shown."

If a regulatory or restrictive ordinance is subject to the objection that it is discriminatory as to classes of property affected by it and is also subject to the objection that it is not a reasonable exercise of the police power in the interest of the public welfare, it is violative of Article I, section 25, of the Constitution of Nebraska. The rule is well stated in 38 Am. Jur., Municipal Corporations, § 343, p. 32, as follows:

"The general rule, so far as classification of business for the purpose of municipal license or occupation taxation is concerned, is that trades, occupations, professions, and privileges may be classified for the purposes of license or occupation taxation, and different licenses may be imposed upon the various classes, provided the classification is reasonable. Facts which justify classification for regulation may also justify classification for revenue purposes, in the imposition of a municipal occupation tax. It should be pointed out, however, that any such legislation by a municipality which has the effect of making an unreasonable classification not based on any essential distinction between the classes, is void." See, also, Speier's Laundry Co. v. City of Wilber, 131 Neb. 606, 269 N. W. 119.

It is true that the rule as stated makes no specific reference to classification of property but the rule as to property is the same. This is clearly pointed out by the following from 16 C. J. S., Constitutional Law, § 520, p. 1052: "A tax statute is void, however, which discriminates between persons or property in like situation,

or which contains classifications that are not based on any reason but on mere accident, whim, or caprice or that have no fair or substantial relation to the purpose for which made."

This statement deals with the power of the state in the situation under contemplation but it is axiomatic that the city derives its power from the state and can have no greater constitutional power in relation to classification than does the state itself. Article I, section 25, of the Constitution of Nebraska, as follows, inhibits against either the state or a city discriminating unreasonably with regard to the use and occupation of property: "There shall be no discrimination between citizens of the United States in respect to the acquisition, ownership, possession, enjoyment or descent of property."

We are therefore required to hold that the ordinance, on the record presented, is void for the reason that it imposes upon the plaintiff in the use of his property and upon all others similarly situated unreasonable and unequal restrictions within the meaning of law.

As is pointed out numerous other objections were made by plaintiff to the ordinance but since factually it has been made to appear that constitutional basis did not exist for the promulgation of the ordinance as a whole because, on the record, in application to the plaintiff and others similarly situated, it was not a proper exercise of the police power it is not deemed advisable or proper to consider the other objections. In other words the basis for the other objections having disappeared with the disappearance of the ordinance to the extent attacked nothing remains requiring consideration and determination.

For the reasons herein set forth the decree of the district court is affirmed.

AFFIRMED.