TIM GRANTHAM, DOING BUSINESS AS H. V. GRANTHAM & SONS, APPELLEE, V. KEARNEY MUNICIPAL AIRPORT CORPORATION, A CORPORATION, ET AL., APPELLEES, IMPLEADED WITH RICHARD R. DUTTON ET AL., APPELLANTS.

65 N. W. 2d 325

Filed July 2, 1954. No. 33564.

*William H. Meier,* for appellants.

*Dryden, Jensen & Dier, De Wayne Wolf,* and *Barlow Nye,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an action by the plaintiff to recover a judgment against the Kearney Municipal Airport Corpora-

tion in the amount of $1,512 by virtue of an assignment from a general contractor holding a contract to level certain lands operated by the airport corporation. Other parties claiming an interest were made parties defendant. The airport corporation, among other things, admitted having the sum of $1,512 in its hands, which it paid into court for the purpose of distribution to the parties entitled thereto. The trial court found that the fund belonged to plaintiff and ordered it paid over to him. The defendants Richard R. Dutton and The Minden Exchange National Bank seek a review on appeal in this court.

Briefly stated, the evidence is as follows insofar as it is pertinent to the disposition of the case: The Kearney Municipal Airport Corporation is the operator of the lands and buildings formerly known as the Kearney Airforce Base, near Kearney, Nebraska, and now owned by the city of Kearney. Certain lands were leased out to tenant farmers for agricultural purposes. It appears that certain land leveling was required by the tenant farmers, resulting in an agreement that the airport corporation would have the work done at the expense of the tenants. On March 2, 1950, the airport corporation and the tenants entered into a written land-leveling contract with Holcomb and Sisson covering a number of tracts of land. It appears that Holcomb and Sisson purchased tractor fuel and oil from the plaintiff and at some time thereafter they executed an assignment of all amounts due them for land leveling to the plaintiff to pay therefor. On March 1, 1951, Holcomb and Sisson were unable to continue the work of land leveling under their contract and they sublet the leveling of two tracts to Richard R. Dutton, they to receive 5 percent of the contract price of $9 per hour and Dutton to receive 95 percent thereof. Dutton proceeded with and completed the land leveling during the months of March and April 1951. The amount due Dutton was $1,436.41, the same being 95 percent of the contract price.

A check was issued by the airport corporation for the full amount of $1,512 with the names of Holcomb and Sisson, C. T. Grantham, Richard R. Dutton, and Minden Exchange National Bank, an assignee of Dutton, as payees. Plaintiff claimed the whole of the check and Dutton, on April 30, 1951, filed a ·mechanic's lien for $1,436.41. On June 22, 1951, plaintiff filed this action to obtain the whole of the fund. All parties claiming an interest in the fund were before the court.

It is clear from the record that the work of leveling the tracts of land in question was subcontracted by Holcomb and Sisson to Dutton, with the knowledge and consent of the officers of the airport corporation of which the plaintiff was one. A contractor's lien is authorized for the leveling of land by the express provisions of section 52-101, R. R. S. 1943. A subcontractor is authorized to file a lien for performing labor and furnishing materials for any of the purposes mentioned in section 52-101, R. R. S. 1943, by virtue of section 52-102, R. R. S. 1943. A lien may properly attach to the interest of a leaseholder. Zabriskie v. Greater America Exposition Co., 67 Neb. 581, 93 N. W. 958, 62 L. R. A. 369.

The purpose of the mechanic's lien law is to secure the claims of those who have performed the labor or furnished the materials for the improvement, and it will be given a liberal construction to accomplish that purpose. Way v. Cameron, 94 Neb. 708, 144 N. W. 172; Central Construction Co. v. Highsmith, 155 Neb. 113, 50 N. W. 2d 817. The contention is advanced that the lien was unlawful because the property belonged to the city of Kearney. We point out, however, that the leasehold belonged to private persons who were primarily liable for the improvement. The airport corporation, after voluntarily providing the fund out of which payment for the improvement was to be paid, thereby provided a substitute for the contractor's lien to which the latter could properly look for his compensation. Even if this were not so, the general rule is that prop-

erty acquired by a municipality in its proprietary capacity is subject to the provisions of the mechanic's lien law.

The assignment by Holcomb and Sisson impressed no lien upon the fund. The mechanic's lien filed by Dutton being in all respects valid, the fund provided for the payment of the improvement is impressed with an equitable lien which is prior to the claim of the assignment made by the general contractor. If this were not so, the beneficial purpose of the law giving a subcontractor the benefit of a lien could in all cases be defeated by the general contractor by the simple expedient of making an assignment. It would leave the owner of the leasehold estate helpless in protecting himself against the liens of subcontractors. 36 Am. Jur., Mechanics' Liens, § 198, p. 131; Florida East Coast Ry. Co. v. Eno, 99 Fla. 887, 128 So. 622, 70 A. L. R. 506. In the latter case the court said: "Eno had the right to assign to the bank all moneys due or to become due him under his construction contracts with the railway. * * * Such assignment, however, is cum onere as to the valid rights of lien claimants theretofore or thereafter perfected. The assignment by a contractor of the balance due or to become due him under his contract with the owner will not defeat a laborer's or materialman's lien duly perfected before the owner has actually paid the balance to the assignee. Such a lien is enforceable, notwithstanding the assignment, to the extent of the balance due and unpaid by the owner under the contract at the time the lien is acquired * * *." The assignment by Holcomb and Sisson to plaintiff is valid as to the interest of Holcomb and Sisson. The interest of the latter, however, is subject to the valid liens of subcontractors. The defendant Dutton has a lien on the fund for $1,436.41 for the reasons herein stated. The plaintiff has a valid claim to $75.59 of the fund by virtue of his assignment. We do not need to discuss the contentions of the Minden Exchange National Bank,

the assignee of a part of the claim of Richard R. Dutton. As against the plaintiff, the claim of the bank is identical with that of Dutton. The claim of the bank is superior to that of Dutton by virtue of Dutton's assignment to the bank to the extent of the amount owing to the bank by Dutton. The order of the trial court directing the payment of all of the fund to the plaintiff is therefore erroneous.

It would appear that a new decree is desirable, fixing the rights of the parties to the fund. The decree of the district court is reversed and the cause is remanded with directions to enter a decree conforming to the views expressed herein.

REVERSED AND REMANDED.