THE J. R. WATKINS COMPANY, A CORPORATION, APPELLANT,
v. DELL K. WILEY ET AL., APPELLEES.

153 N. W. 2d 871

Filed November 3, 1967. No. 36617.

Moyer & Moyer and Mapes & Mapes, for appellant.

McFadden, Kirby & Swoboda, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SMITH, J.

The district court dismissed plaintiff's amended petition because the statute of limitations had run. The question on appeal is whether the original petition interrupted the operation of the statute.

The named defendants are Dell K. Wiley and six others. The original petition alleges an indebtedness of all defendants for the balance due plaintiff on account of merchandise sold by plaintiff to Dell alone. The sales were allegedly made in accordance with a written agreement of plaintiff and all defendants. An attached facsimile is incorporated into the petition by reference. It shows a contract between plaintiff and Dell for requirements and a contract of suretyship in which the other defendants agreed as follows:

"In consideration of the execution of the foregoing agreement by (plaintiff) * * * and the sale and delivery by it to (Dell) * * * of goods * * *, as therein provided, we, the undersigned sureties, * * * unconditionally promise * * * to pay for said goods * * * at the time and place, and in the manner in said agreement provided."

Dismissal of the amended petition which amplifies suretyship was correct, it is argued, because the original petition "completely fails to set forth any surety relationship." The argument disregards the exhibit. A pleading includes an attached exhibit that is incorporated by reference. Reller v. Ankeny, 160 Neb. 47, 68 N. W. 2d 686. The tolling effect of a pleading upon the statute of limitations is unchanged by an amended pleading that amplifies the prior statement. Muenchau v. Swarts, 170 Neb. 209, 102 N. W. 2d 129.

Plaintiff's amended petition preserves the identity of the cause of action alleged originally. The judgment of dismissal is reversed and the cause remanded.

REVERSED AND REMANDED.