MAY PLUMBING COMPANY, A PARTNERSHIP, APPELLEE, V. WILLIAM SHAVER ET AL., APPELLEES, IMPLEADED WITH CATHERINE M. SHAVER, APPELLANT.

153 N. W. 2d 911

Filed November 10, 1967. No. 36568.

Luebs, Tracy & Huebner, for appellant.

Wagoner & Grimminger, for appellee May Plumbing Co.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

McCOWN, J.

Defendant Catherine M. Shaver has appealed from a judgment foreclosing a mechanic's lien against her. The lien was for labor and materials furnished by the plaintiff for a residence of defendant Catherine Shaver and her husband. The residence was located on a leasehold. The petition to foreclose the mechanic's lien specifically alleged that the labor and materials were ordered by and placed on the premises at the direction of the defendant William Shaver. The petition for foreclosure of the lien named both Shavers as defendants, as well as several other parties, including lessors and mortgagees, and summons were issued and served on all defendants within the statutory 2-year period. However, William Shaver was served by leaving the summons at his usual place of residence. A special appearance was filed for both Catherine Shaver and William Shaver 4 days after the filing of the petition for foreclosure. Some years later, the special appearance of William Shaver was sustained on a showing that he was

a nonresident of the State of Nebraska at the time of purported service of summons on him, but the special appearance of Catherine Shaver was overruled. Thereafter, Catherine Shaver filed a demurrer on the ground that the petition did not state facts sufficient to constitute a cause of action against her. That demurrer was overruled in 1965. On the same day, plaintiff's motion to amend the petition by adding the name "Catherine M. Shaver" to that of her husband as a contracting party was overruled. An alias summons was served on William Shaver in 1966 when he was again a resident of Nebraska, but a special appearance was again sustained and the action was dismissed as to him. Trial was had in September 1966. Catherine Shaver elected to stand on her demurrer. Plaintiff introduced evidence and rested. The court overruled plaintiff's motion to amend the petition to conform to the proof and entered judgment against Catherine Shaver for $3,584.34 with interest, and foreclosed the mechanic's lien against her.

Catherine Shaver contends that the court did not have jurisdiction since it obtained no personal jurisdiction over William Shaver; that any mechanic's lien expired 2 years after the lien was filed for the same reason; that the petition does not state facts sufficient to constitute a cause of action against her; and also that the judgment is not supported by competent evidence of ownership in the defendant Catherine Shaver. Her basic premise is that the action here to foreclose a mechanic's lien should be treated as an action in personam against William Shaver alone because the affidavit filed with the original lien claim designated him as owner, but the petition for foreclosure did not in specific terms allege the exact nature and extent of any ownership of the property. We cannot agree.

The contentions, however, necessitate a rather full review of the facts. The unexplained delay of several years has complicated the matter unduly, but we do not attempt to place specific responsibility for it.

The affidavit attached to the initial mechanic's lien filed in 1955 designated William Shaver as being the debtor and identified William Shaver as an owner. We have held that if the owner of real estate is not named in the affidavit the omission is not fatal. Wakefield v. Latey, 39 Neb. 285, 57 N. W. 1002.

The petition for foreclosure identified the labor and materials as used in the construction of a dwelling house located on specifically described lots known as part of Kuester's Lake in Hall County. It also alleged that William Shaver ordered the material and labor; that they were furnished at the direction of the defendant William Shaver in the construction of the dwelling house; that they had not been paid for; and that no action at law was pending. The petition also alleged that on June 21, 1957, some 4½ months prior, a divorce decree was entered in a divorce proceeding between the defendants Catherine and William Shaver, and that they remained husband and wife pending the decree becoming final. The petition then alleged that the parties Catherine Shaver and William H. Shaver were joined as husband and wife and parties defendant.

In addition, the petition specifically alleged that William and Catherine Shaver had made, executed, and delivered a certain mortgage on the specific lots described and that both of them had also executed and delivered an assignment of money to the mortgagee in an amount equal to or greater than plaintiff's lien. The petition also specifically requested the court to order the money held by the mortgagee under the assignment paid to the clerk of the court. The petition also alleged that other defendants claimed certain interests in the premises and prayed judgment and foreclosure against all defendants and also for application of the funds held under the assignment.

The petition for foreclosure discloses that it was to foreclose a mechanic's lien on specifically described property in which the defendant Catherine Shaver had

some ownership interest; that Catherine Shaver and William Shaver were husband and wife; and that by execution of an assignment, she might be deemed to have acknowledged or acquiesced in the creation of the lien, or the agency of her husband.

The pleadings of other defendants and the evidence at the trial established that the property described was a leasehold interest; that William Shaver and Catherine Shaver, husband and wife, were lessees; and that the assignment executed by both Shavers was specifically with reference to the plaintiff's lien. There was also introduced in evidence a property settlement agreement in the divorce suit between William and Catherine Shaver which specifically provided: "The lease to the residential property at Kuester Lake shall be assigned to Catherine M. Shaver and she shall have the right to occupy the same as her home and she shall make all payments on the encumbrance against said property and title thereto shall vest in her with full right of disposition."

The property settlement agreement was approved and the divorce decree entered and was still effective on October 4, 1957, when the petition to foreclose the lien here was filed. The record does show that the Shavers appeared before the judge on December 14, 1957, at which time they stated to the court that they had effected a reconciliation and the divorce decree was set aside but was never journalized.

The evidence also reveals specifically that the plaintiff told both William and Catherine Shaver that he would take the particular job on a time and material basis; that they were living in the property at the time; that a Russ Larson was the contractor and that plaintiff received orders from both Shavers too; and that Catherine Shaver made inspections of the work with the plaintiff.

This court has held that a mechanic's lien may attach to a leasehold interest. Grantham v. Kearney Mu-

nicipal Airport Corp., 159 Neb. 70, 65 N. W. 2d 325. In that case this court also said: "The object of the mechanic's lien law being to secure the claims of those who have made improvements within its terms, it should receive a liberal interpretation to give full effect to its provisions."

Section 52-104, R. R. S. 1943, provides that: "* * * when any suit or suits shall be commenced on such accounts within the time of such lien, the lien shall continue until such suit is finally determined and satisfied."

Where a defendant elects to stand on his demurrer, every fact well pleaded must be taken as true. A party who stands on a general demurrer to a pleading thereby admits the material facts averred, and must take all the consequences which result from such admission. Panebianco v. City of Omaha, 151 Neb. 463, 37 N. W. 2d 731.

A petition challenged by demurrer charges what by reasonable and fair intendment may be implied from the facts stated. Naeve v. Shea, 128 Neb. 374, 258 N. W. 666.

In Gilchrist v. Wright, 167 Neb. 767, 94 N. W. 2d 476, this court stated: "Whether or not a husband is the agent of the wife in contracting an indebtedness resulting in the filing of a mechanic's lien against her property is a question of fact to be determined as other like questions."

The word "owner" as used in our mechanic's lien law is not limited in its meaning to an owner of the fee, but means the owner of any interest in the lands and includes every character of title, whether legal or equitable, fee simple, or leasehold. Bohn Mfg. Co. v. Kountze, 30 Neb. 719, 46 N. W. 1123, 12 L. R. A. 33; 36 Am. Jur., Mechanics' Liens, § 84, p. 68.

Under the circumstances of this case, the defendant Catherine Shaver could reasonably be said to have acquiesced in the action of her husband in making an expressed or implied oral contract which would bind whatever interest she had in the property. The evidence

established, and the court properly found, that she not only acquiesced, but herself participated in the contract and the carrying out of the work on a residence occupied by her husband and herself.

The case of Muenchau v. Swarts, 170 Neb. 209, 102 N. W. 2d 129, permitted the plaintiff in a mechanic's lien foreclosure to amend his petition after the expiration of the 2-year period to show that his contract was with a subcontractor rather than the owner as originally alleged. This court held that the identity of the cause of action had been preserved; that it was to recover by way of a mechanic's lien foreclosure upon the same property for the same items; and did not state a separate and distinct cause of action. This court held that: "So long as the court can see that the identity of the cause of action is preserved, the particular allegations of the petition may be changed and others added in order to cure imperfections and mistakes in the manner of stating the plaintiff's case." See, also, J. R. Watkins Co. v. Wiley, *ante* p. 242, 153 N. W. 2d 871.

A judgment of the district court brought to this court for review is supported by a presumption of correctness, and the burden is upon the party complaining of the action of the district court to show by the record that it is erroneous. Blanco v. General Motors Acceptance Corp., 180 Neb. 365, 143 N. W. 2d 257.

Under the circumstances here, the judgment of the district court was correct and is affirmed.

AFFIRMED.